JUNE.                    DENT's Adm'r. vs. SCOTT.

*Where it appears by the record that before the defendant's imparlance, and afterwards in the first plea by him pleaded, he "came and defended the wrong and injury, &c." such defence need not be repeated in the other pleas by him pleaded.*

*If the prior counts in a declaration in assumpsit set out a consideration, and the last count refers to them, and is founded on the consideration specified in them, it incorporates so much thereof in the last count as to render it valid.*

APPEAL from *Baltimore* county court. *Assumpsit*, brought by the appellee against the appellant on the 14th of March 1801. The declaration contained the following counts: *First.* "That whereas on the 15th day of April in the year 1794, at *Baltimore* county aforesaid, in consideration that *Scott*, at the special instance and request of *Dent*, in his life-time, would deliver to *Dent* 100 barrels of superfine flour, and 50 barrels of fine flour, at or before the 15th of July of the same year, he, *Dent*, in his life-time, then and there undertook and promised *Scott* to pay him the sum of $8 for each and every barrel of said flour, at two months next after the delivery thereof; and that he, *Scott*, confiding in the promise of *Dent*, so made by him in his life-time, afterwards, to wit, on the 15th of July 1794, at the county aforesaid, did deliver to *Dent*, in his life-time, 100 barrels of superfine flour, and 50 barrels of fine flour, whereof *Dent* in his life-time afterwards, to wit, on the same day and year last mentioned, at the county aforesaid, had notice; and by reason of the premises, and according to the said promise and assumption of *Dent*, so made by him, he, *Dent*, in his life-time, became liable to pay, and ought to have paid, to *Scott*, the sum of $8 for each and every of the said 100 barrels of

superfine flour, and 50 barrels of fine flour, at two months next after the 15th of July 1794, to wit, at" &c. *Second.* *And whereas* afterwards, to wit, on the same day and year first aforesaid, at the county aforesaid, the said *Dent*, in his life-time, accounted, together with the said *Scott*, of and concerning divers other sums of money before that time due and owing from the said *Dent* in his life-time, to the said *Scott*, and in arrear and unpaid, and upon that account he the said *Dent* was then and there found in arrear to the said *Scott* in other large sum of money, to wit, the sum of £225 like money; and being so found in arrear, he the said *Dent*, in his life-time, in consideration thereof afterwards, to wit, on the same day and year aforesaid, at the county aforesaid, took upon himself, and then and there promised the said *Scott* to pay him the said last mentioned sum of money, when he the said *Dent* should be thereto afterwards requested." *Third.* "*And whereas* afterwards, to wit, on the same dame day and year first aforesaid, at the county aforesaid, the said *Dent*, in his life-time, was indebted to the said *Scott* in other £225 like money, for other 100 barrels of superfine flour, and 50 barrels of fine flour, before that time sold and delivered to the said *Dent*, in his life-time, and at the special instance and request of the said *Dent;* and being so indebted, he the said *Dent*, in his life-time, afterwards, to wit, on the day and year aforesaid, at the county aforesaid, in consideration thereof assumed upon himself, and then and there promised the said *Scott* to pay him the said last mentioned sum of money when he the said *Dent* should be thereto afterwards required." *Fourth.* "*And whereas* afterwards, to wit, on the twentieth day of September, in the year eighteen hundred, at the county aforesaid, the said several sums of money being due as aforesaid, and then unpaid to the said *Scott*, by the said *Dent*, at the time of his decease, he the said *Dent* then being dead, he the said *Simpson*, to whom, together with a certain *Hannah Dent*, administration of all and singular the goods and chattels, rights and credits, which were of the said *Dent*, at the time of his death, were in due form of law committed, and the said *Hannah* then being deceased, and the said *Simpson* then being surviving administrator as aforesaid, and then having in his hands unadministered assets of the estate of the said Dent, deceased, a large sum of money, to wit, the sum of £1000 like money, at

the county aforesaid, sufficient to discharge, and liable to pay, the said several sums of money due as aforesaid to the said *Scott*, and the said administration then being in full force and unrepealed, he the said *Simpson*, as administrator aforesaid, in consideration thereof afterwards, to wit, on the same day and year last aforesaid, at the county aforesaid, assumed upon himself, and then and there, as administrator aforesaid, promised the said *Scott* to pay him the said several sums of money when he the said *Simpson* should be thereto afterwards requested." The defendant pleaded three pleas—1. "And the said *Simpson*, by *Philip Moore* his attorney, comes and defends the wrong and injury whence, &c. and says that the said *Dent*, in his lifetime, and the said *Simpson*, since his decease, did not, nor did either of them, undertake and promise, in manner and form as the said *Scott* hath above thereof complained against him the said *Simpson*; and of this he puts himself upon the country, and so forth; and the said *Scott* in like manner, and so forth." 2. "And for further plea in this behalf as to the supposed promise in the said *first count* of the said declaration mentioned, the said *Simpson*, by leave of the court here first had and obtained, according to the form of the statute in such case made and provided, says that the said *Scott*, his action aforesaid against him to have or maintain ought not, because he says that the cause of action in the said first count in the said declaration mentioned, did not accrue to the said *Scott*, at any time within three years next before the day of suing out the original writ in this cause; and this he is ready to verify, wherefore he prays judgment if the said *Scott* his action against him the said *Simpson* to have or maintain ought, and so forth." 3. "And for further plea in this behalf as to the supposed promises in the *second* and *third counts* of the said declaration mentioned, the said *Simpson* by like leave," &c. "says, that the said *Scott* his action aforesaid against him the said *Simpson* to have or maintain ought not, because he the said *Simpson* says, that the said *Dent*, in his life-time, did not undertake and promise, in manner and form as he the said *Scott* hath above thereof complained against him the said *Simpson*, at any time within three years next before the day of suing out the original writ in this cause; and this he the said *Simpson* is ready to verify: wherefore he prays judgment if the said *Scott* his action

1810.

Dent's Adm'r.
vs
Scott

aforesaid against him the said *Simpson* to have and maintain ought, and so forth." The plaintiff entered a *special* demurrer to the 2d and 3d pleas, and assigned for causes of demurrer—1. That the defendant in his 2d and 3d pleas hath altogether omitted the words "*comes and defends the force and injury when, and so forth.*" 2. That the defendant in his 2d and 3d pleas, hath plead the same, and the matters therein contained in bar, without beginning the same with a defence, and in the same pleas hath made no defence. The defendant joined in demurrer; and the county court at February term 1804, *ruled the demurrer good.* A verdict was given for the plaintiff on the issue to the first plea, and damages assessed, &c. judgment thereon *de bonis intestatoris, si non,* &c. From which judgment the defendant appealed to this court.

The cause was argued at the last term before CHASE, Ch. J. BUCHANAN and GANTT, J.

*W. Dorsey,* for the Appellant. This is a plain case, in which it is unnecessary to cite authorities. It is admitted that the defendant must take defence, this he does immediately on his appearance, and this record states that the defendant "comes and defends the force and injury when, and so forth, and prays leave to imparle," &c. This is a full defence, and it need not be repeated. In 3 *Blk. Com.* 296, it is said, that "it is incumbent on the defendant within a reasonable time to make his *defence,* and to put in a *plea,*" showing that it is not necessary that the defence should be in the plea. *Co. Litt.* 127, is to the same effect. But if it is necessary that there should be defence taken in the plea, the plea might have been refused for that defect, but being accepted, it is made good, and the defect cannot be taken advantage of by special demurrer. *Ferrer vs. Miller,* 1 *Salk.* 217. It is admitted that defence must be taken in some part of the record. It has been done in this case on the appearance of the defendant, and also in his *first* plea. Every thing is admitted to give jurisdiction to the court. If the declaration contains *four* counts, then the *fourth* count has not been answered by the pleas of the act of limitations. Where there is a special demurrer the first fault may be resorted to. Here it appears that the *third* count, if there are only three, is defective, for there are two distinct promises alleged in the same count; first the intestate's promises and

then the administrator's. This is a form of pleading which is not allowed, as no one plea which the defendant could plead would answer the case. If it is considered that there is a *fourth* count, then no judgment can be given on it, because it is defective. Each count must be a full declaration of itself, and must not depend upon any other count. The *fourth* count speaks of *several sums* of money, referring to all the antecedent counts, so that take the count alone and there is no certainty in it; for each count must contain a distinct cause of action. 5 *Bac. Ab.* tit. *Pleas and Pleadings*, (B) 328, and the cases there cited. The *fourth* count is defective, and there is no consideration expressed in it to support a promise. This count was intended to take the case out of the act of limitations, but being defective, and there being a general verdict, the judgment must be reversed. The proper form of a declaration, on a promise made by an executor or administrator, may be seen in *Secar vs. Atkinson's Adm'x.* 1 *H. Bl&. Rep.* 102, 108, and 1 *Harr. Ent.* 179, 161, 162.

*Kell,* was to have argued for the Appellee.

*Curia adv. vult.*

CHASE, Ch. J. now delivered the opinion of the court. The court are of opinion, that the *second* and *third* pleas of the act of limitations were well pleaded, and that the court below erred in giving judgment for the plaintiff on the demurrer to those pleas.

The court are also of opinion, that the judgment on the verdict be affirmed with costs, the court being of opinion that the last count in the declaration is substantially good, having reference to the precedent counts, and which is founded on the considerations specified in the *first*, *second* and *third* counts in it, and having incorporated so much thereof in the same as is necessary to render that count valid in law.

BUCHANAN, J. I am of opinion, that the causes assigned for demurrer to the *second* and *third* pleas of the defendant below, are not available in law, and that the court erred in giving judgment for the plaintiff below on the demurrer.

Full defence was made before imparlance, and is again set out in the *first* plea; and after defence is once well

made, it is not necessary to repeat it in every plea. Moreover, I think the *fourth* count in the declaration is bad. The cause of action is not sufficiently set out, and can only be ascertained by reference to the preceding counts, which reference shows that it is for the same sums of money mentioned in the other counts, and in fact blends the three preceding counts into one; whereas every count in a declaration should be distinct, and should set out a separate cause of action. I am therefore of opinion that the judgment ought to be reversed.

JUDGMENT AFFIRMED.