[No. 9068.    Department Two. — June 28, 1886.]

## MINNA K. DU BRUTZ, Administratrix, etc., et al., Respondents, v. ISAAC JESSUP, Appellant.

Contract — Breach of — Action to Recover for — Pleading. — In an action to recover damages for the breach of an alleged contract, the complaint is insufficient if it merely alleges a promise without averring its breach, or if it assigns a breach of something which is not alleged to have been promised.

Id. — Contract for Sale of Land — Refusal to Execute Agreement for Sale. — The action was brought to recover damages for the breach of a contract whereby the plaintiffs agreed to procure a purchaser of certain land belonging to the defendant, at a fixed price, to be paid in installments at stated times, in consideration of which the defendant promised to pay them a certain compensation. The complaint, after setting forth the contract, alleged that the plaintiffs found an intended purchaser, and assigned as a breach of the contract the refusal of the defendant to join with the purchaser in the execution of an agreement for the sale of the land embodying the terms upon which the defendant had authorized the plaintiffs to negotiate the sale. *Held*, that the refusal of the defendant to execute the agreement was not a breach of the contract.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Crittenden Thornton*, and *F. H. Merzbach*, for Appellant.

*B. S. Brooks*, *William Leviston*, and *T. D. Riordan*, for Respondents.

Foote, C. — This was an action brought by James L. Hussey and F. C. M. Du Brutz against Isaac Jessup, to recover the sum of twenty-five thousand dollars for a breach of contract.

The original plaintiffs have died since the institution of this suit, and the administratrix of the one and the assignee of the other have become substituted parties to the record.

The trial court, sitting without a jury, rendered judg-

ment for the sum of two thousand dollars and costs, and from that and an order refusing a new trial the defendant appeals.

The defendant contends that upon the face of the record the judgment is erroneous, because, as he alleges, said judgment was rendered on findings upon the first count of the complaint alone, which count does not state facts sufficient to constitute a cause of action.

The first count in the complaint is upon a special contract to procure a purchaser of a certain tract of land belonging to the defendant, at a certain fixed sum, for which the plaintiffs were to receive a certain compensation.

The second count is an ordinary count in debt for twenty-five thousand dollars, for work, labor, and services done and rendered.

The first count reads substantially as follows: That the defendant was the owner of a certain tract of land in the village of San Rafael, Marin County, and being desirous of selling the same, entered into a contract with the plaintiffs that they should procure the formation of a corporation, which should purchase said land for the sum of twenty-five thousand dollars, to be paid in certain installments at certain stated times, etc.

And for the work and labor, skill, care, and diligence, journeys and attendances, of the said plaintiffs to be done, performed, and bestowed by them in and about the disposing of and settling of the said premises, in the manner and upon the terms aforesaid, and at his special instance and request, *the said defendant then and there undertook and promised the plaintiffs to pay unto them whatever amount the purchaser should pay over and above the sum of twenty-five thousand dollars, with the interest thereon as aforesaid;* and that the plaintiffs undertook the performance of the work on those terms, and procured the due incorporation of a corporation named the San Rafael Property Union, and obtained from the latter an

agreement or offer to purchase the lands on the terms agreed to by the defendant; a written instrument, setting out the terms of the agreement of sale, intended to be executed on the part of the defendant and the said corporation, was executed under the seal of the said corporation and tendered to the defendant for his signature thereto (a copy of which is annexed to the complaint, marked "Exhibit A"); that the said writing was in strict accordance with the terms upon which the defendant had authorized the plaintiffs to negotiate a sale of the tract of land; *but that the said defendant then and there refused to execute the said agreement; and though often requested, he has hitherto refused and still does refuse to execute the same. By means whereof the said plaintiffs have suffered damages in the sum of twenty-five thousand dollars,* which, according to the terms of their agreement, was to be paid to them in United States gold coin.

According to the complaint, there was no agreement between the defendant and the plaintiffs that any writing should be executed by the defendant to them, or to any other person or corporation, other than "a good and sufficient deed of bargain and sale " to the purchaser of his land at the proper time, which time had not under said agreement arrived.

Therefore the breach alleged in the complaint, that the defendant would not execute the written agreement presented to him, is not a breach of any promise set out in the complaint as having been made by him, and if he never made any such promise, the assignment of the breach thereof shows no cause of action against him.

The promise which he by the complaint is alleged to have made is that he would pay the plaintiffs whatever amount the purchaser *should pay* over and above the sum of twenty-five thousand dollars, with interest thereon as aforesaid.

There is no breach of that promise alleged by the complaint to have taken place on the part of the defend-

ant, but it is alleged that he has refused to execute a certain agreement (which the complaint nowhere alleges he was under obligation or promise to execute), and that thereby damage has accrued in favor of the plaintiffs in the sum of twenty-five thousand dollars.

Thus we perceive that in the first count of the complaint there is no breach assigned of the promise alleged to have been made.

How can a cause of action exist upon the mere statement of a promise without alleging its breach? And if a breach is assigned of something which is not alleged in the complaint to have been promised, where is there any cause of action alleged? There was no sufficient cause of action stated in the first count, and there was no finding of facts by the court upon the second count of the complaint.

The judgment was rendered on findings under the first count alone, which states no sufficient cause of action. It would seem, therefore, under section 434 of the Code of Civil Procedure, and the reasoning of this court in *Barron* v. *Frink*, 30 Cal. 486, that the judgment and order in this case should be reversed, and cause remanded, with leave to plaintiffs to amend their complaint.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded, with leave to plaintiffs to amend their complaint.