# RAMSEY v. JOHNSON.

PLEADINGS — FINDINGS.

1. In an action for recovery of money due for rent under a lease, an allegation in the petition that the defendant leased the premises for a certain term at a certain yearly rental to be paid annually in advance is a sufficient statement of a promise to pay. It is not necessary that the word "promised" should occur in the pleading.

2. Such allegation, together with the further one that under the provisions of the written lease the defendant took, and still retains, possession of the premises, is a sufficient statement of the consideration for the promise. The word "consideration" need not occur in the pleading.

3. No prescribed form of words is required in a pleading to show a promise to pay, and a consideration for the promise.

4. The statement in the petition in such an action that defendant has not paid said sum nor any part thereof, although requested so to do, is a sufficient allegation of a breach of the contract.

5. The action being brought for rent due upon a written lease, and for a second cause of action, the foreclosure of a lien given by the lease to secure the payment of the rent, the execution of the written instrument having been averred in the first cause of action, an allegation in the second cause of action "the plaintiff alleges that under the terms and conditions of said agreement of lease, it was agreed," etc., is suffi-

cient without repeating the allegations respecting the
execution of the lease; since, although each cause of action
must be complete in itself, such allegations may be incor-
porated into the statement of a succeeding cause of action by
proper reference without repetition.

6. In a finding of facts by the court only the ultimate facts
should be found. A mere finding of the evidence is never
required, and is usually improper.

7. A finding as follows: "The court after hearing the evidence
finds that the defendant is indebted to the plaintiff in the
sum of three hundred and sixty-seven and twenty one hun-
hundredths dollars, principal debt and interest," is a proper
and appropriate finding of fact, and is sufficient to support a
judgment for that amount of money.

8. A finding that the indebtedness exists, involves, and
includes a finding of non-payment.

9. A finding that the agreement of lease was a lien upon cer-
tain enumerated [property of the defendant is sufficient to
support a judgment declaring the lien and awarding exe-
cution.

[Decided April 19, 1898. Commenced in district court, March 18,
1895.]

.ERROR to the District Court for Sweetwater County,
HON. JESSE KNIGHT, *Judge.*

Ellen C. Johnson brought the action against Robert
Ramsey upon a lease dated Dec. 11, 1893, made between
said Ramsey and William A. Johnson. The plaintiff
alleged an assignment from William A. Johnson of the
claim sued for. The lease was alleged to cover ranch
property, and that defendant's personal property on the
ranch was, under the lease, to. be held as security for the
fulfillment of the conditions of the lease, and that such
property consisted of horses, cattle, wagons, farming
implements, household furniture, and hay. The petition
alleged defendant's insolvency, and a receiver was ap-
pointed in the action to take charge of the property
claimed under the lien of the lease; and he reported hav-
ing reduced to his possession, one mower, one rake, and
one plow. A demurrer was interposed to the petition, and

overruled. Subsequently an answer was filed containing a general denial. The evidence is not in the record; but the cause was tried to the court, and the following were the findings: " On this day this cause came on to be heard upon the petition of the plaintiff and answer of defendant, Robert Ramsey filed herein, and the cause being submitted to the court without the intervention of a jury, the court, after hearing the evidence, finds that the defendant is indebted to the plaintiff in the sum of $367.20, principal debt and interest, that by the terms of agreement of lease the personal property and improvements belonging to the defendant at time of the forfeiture of lease, to wit: the 1st day of January, 1895, on the premises were to be held as security for the fulfillment of the conditions of said lease — the court finds that at the time of forfeiture of lease herein, to wit: on the 1st of January, 1895, there was personal property on the premises described in said agreement of lease, belonging to the defendant, as follows: Seventy head of cattle, one mower, two wagons, one plow, one roller, one rake, and two stoves, and that said agreement of lease as aforesaid is now and was a lien upon the aforesaid property at the time of the forfeiture of the lease aforesaid for the purpose of security for the payment of said sum of $367.20."

The court thereupon rendered judgment for said amount found to be due, and declared the same a lien upon the property therein described as above. The defendant prosecuted error.

In the opinion of the court, the facts were stated as follows: This was an action for the recovery of money due upon a lease, and for the foreclosure of a lien. There was a demurrer to the petition upon the ground that it did not state sufficient facts, and it is also claimed by the plaintiff in error that the findings of the court are not sufficient to support the judgment. The petition alleges, in substance, that the defendant entered into a written lease with one William A. Johnson whereby he leased from Johnson a certain described tract of land for the

term of seven years, at a rental of $360 per year, payable annually in advance; that defendant took and still retains possession of the premises, and that on January 1, 1895, the rent for the year beginning on that date, amounting to $360, became due; and that no part of the same has been paid. Sets out an assignment of the lease to the plaintiff (defendant in error), and alleges' that by the terms of the lease there was a lien upon certain personal property upon the premises, and belonging to the defendant, to secure the payment of the sum claimed to be due. Asks for judgment for the amount, and a foreclosure of the lien. The evidence is not brought up, and all the questions presented have reference to the sufficiency of the pleadings, and the findings of the court.

*E. E. Enterline* and *D. A. Reavill*, for plaintiff in error.

A legal conclusion when pleaded can not supply an insufficient·statement of facts. (Bliss Code Pl., Secs. 210 and 418.) The failure to allege an agreement on the part of defendant to pay rent, and to allege non-payment, renders the petition bad on demurrer. (Du Brutz v. Jessup, 70 Cal., 75; Bliss Code Pl., Sec. 357.) Each cause of action must be complete in itself. The reference in the second cause of action to the agreement set out in the first is not permissible. (Bliss Code Pl., Sec. 121; Pomeroy Code Rem., Sec. 422.) Although it would have been proper for plaintiff to have embodied the allegations and sought the relief asked for in one cause of action, it was also proper to plead them in two causes of action. (Whit. Ann. Code, Sec. 5021; 1 Bates Pl. and Pr., 309 and 575; 1 Yaple Code Pr., 309; 1 Kinkead Pl., 558, 559; Potter v. Hussey, 1 Utah, 249; Brugman v. Mc Quire, 32 Ark., 733.) But, even considered as one cause of action the petition is fatally defective for three reasons: 1. Failure to allege a consideration. 2. Failure to allege a promise to pay rent. 3. Failure to allege a breach of contract. (4 Ency. Pl. and Pr., 928,

929, 937.) An exhibit is no part of the petition. Hartford Ins. Co. v. Kahn, 4 Wyo., 364. The findings of a court must be responsive to the issues, and the judgment must be warranted by the pleadings. (8 Ency. Pl. and Pr., 944, 945; 1 Black on Judg., Sec. 183; Ins. Co. v. Trout, 83 Va., 397; Bank v. Ins. Co., 85 Tenn., 76; Reynolds v. Stockton, 43 N. J. Eq., 211; Schmidt v. Min. Co., 28 Or., 9.) Where there are special findings, they must support the judgment. Findings of fact merely announcing legal conclusions deducible from facts not stated are not sufficient to support a judgment; all the facts essential to a recovery must be stated in special findings. When the findings are silent respecting a material fact, it is taken as formed against the party upon whom the burden rested of proving it. (Mitchell v. Brawley, 39 N. E., 497; Bruner v. Brown, 38 id., 318; Leach v. Church, 10 O. St., 148; Fiske v. Casey, Cal. 36 Pac., 668; Foster v. Devinney, 28 Neb., 416; Ward v. Clay, 80 Cal., 502; 82 Cal., 170; 2 Ida., 1066; 8 Ency. Pl. and Pr., 943; Siebel v. Bath, 5 Wyo., 409; Bank v. Farwell, 56 Fed., 570.)

*John H. Chiles*, for defendant in error. (*John F. Mail* and *David G. Thomas*, of counsel.)

Although separately stated and numbered, there was but one cause of action stated in the petition. (Bliss Code Pl., Sec. 114 et seq.; Rev. Stat., Sec. 2410; Whit. Ann. Code, Sec. 5021; Maxwell Code Pl., 345 et seq.; 1 Yaple Code Pr., 309; Pom. Code Rem., Secs. 452, 463.) If the petition states all material allegations, an exhibit may be resorted to to fix accurately and definitely their import. (State v. School District, 34 Kan., 237; Pefley v. Johnson, 30 Neb., 529; Grimes v. Cullison, 3 Okl., 270; Ward v. Clay, 82 Cal., 502; Walburn v. Chanault, 43 Kan., 352; City of Nauvoo v. Ritter, 97 U. S., 391.)

The decisions of this court do not announce a contrary rule, as we understand them, in 3 Wyo. 140, and 4 Wyo.,

364.) Writings under seal import a consideration, hence it was not necessary to allege a consideration. (4 Ency. Pl. and Pr., 928; Bliss Code Pl., Sec. 268.) A consideration, however, is alleged. The word "consideration" need not be employed. It is only necessary, as regards a promise, to allege those facts from which a promise may be inferred. (4 Ency. Pl. and Pr., 997, 998; Campbell v. Shiland, 14 Colo., 494.) The findings support the judgment, and are responsive to the issues.

The issues formed by the pleadings were: Is the defendant indebted to plaintiff in any sum, and if so, did plaintiff have a lien upon certain property to secure the payment of that sum? The court found that the defendant was indebted to the plaintiff in the sum of three hundred and sixty-seven dollars and twenty cents, and that the plaintiff had a lien upon certain property to secure the payment of that sum, and rendered judgment for the plaintiff and against the defendant for that sum, and adjudged that sum a lien upon said property, or rather, that the plaintiff had a lien upon that property to secure the payment of that sum. In the absence of the evidence the findings are presumptively correct. (2 Ency. Pl. and Pr., 486; Seibel v. Bath, 5 Wyo., 409.) Objections to the findings can not be raised for the first time on appeal. The only question in the absence of exceptions is, do the findings support the judgment? (Ashmead v. Reynolds. 134 Ind., 139; Seibel v. Bath, supra.

CORN, JUSTICE (after stating the facts).

The plaintiff in error maintains that his demurrer should be sustained, because there is no specific allegation that the defendant promised to pay, or of the consideration upon which the promise was made. It is true that a recovery must be had, if at all, upon the promise of the defendant, and that a consideration is necessary to sustain the promise, and that both must be shown by the allegations of the petition. But no prescribed form of words is required; and it is not necessary that either the word "promise," or the

word "consideration," should occur in the pleading. The allegation that the defendant leased the premises for a certain term at a certain yearly rental to be paid annually in advance, is a statement of facts from which a promise to pay not only may be, but must be, inferred. And this, together with the further allegation that, under the provisions of the written instrument by which such leasing is evidenced, the defendant took, and still retains, possession of the premises, is very clearly a sufficient statement of the consideration for the promise. Whether it is the best or most philosophical method of pleading is quite another question; but it seems to be in accord with the requirement of our code of procedure, which is that the petition shall contain "a statement of the facts constituting the cause of action in ordinary and concise language." The statement is in substantially the language of a precedent in Kinkead's Code Pleading at Sec. 740.

It is further urged by plaintiff in error that there is no allegation of a breach of the contract. Paragraph 4 of the petition alleges "that defendant has not paid said sum, nor any part thereof, although requested so to do." This is the familiar form of alleging a breach, and it is not perceived why it is not sufficient in this case. Du Brutz v. Jessup (Cal.), 11 Pac., 498 is relied upon as authority by plaintiff in error upon this point. In that case the promise pleaded was to pay the plaintiff certain money, and the breach alleged was the refusal of the defendant to sign a certain agreement. It has no applicability to the pleading in this case.

It is further contended that the statement of the second cause of action is insufficient, because the execution of the written instrument by the parties is not again specifically averred. It was not necessary. The first clause of the statement of the second cause of action begins as follows: "The plaintiff alleges that under the terms and conditions of said agreement of lease, it was agreed," etc. This was sufficient. Clear and distinct reference is made to the agreement already once set forth in the petition.

While each cause of action must be complete in itself, such allegations may be incorporated into the statement of a subsequent cause of action by proper reference without repetition.    Kinkead's Code Pleading, Sec. 20.

So far as the other errors assigned, that the court erred in appointing a receiver, and in finding and rendering judgment against the defendant, are predicated upon the insufficiency of the petition, they need not be separately considered.

But the plaintiff in error strenuously insists that the findings of the trial court are not sufficient to support the judgment.    It is not claimed that upon the facts found some other judgment should have been entered, but simply, as we understand, that the facts found are not sufficient to support any judgment for the plaintiff.    The first finding, after reciting that the case came on to be heard upon the petition of the plaintiff and the answer of the defendant and the submission of the case to the court without a jury, is: ——— " the court, after hearing the evidence, finds that the defendant, Robert Ramsey, is indebted to the plaintiff, Ellen C. Johnson, in the sum of three hundred and sixty seven and twenty one-hundredths dollars, principal debt and interest."    It is contended that a finding that there is a certain sum due without a finding of non-payment, is a mere legal conclusion, and is insufficient to support a judgment.    We do not think so. Whether the defendant was indebted to the plaintiff, was an ultimate fact in issue between the parties.    That in order to reach the finding, consideration of questions of law was necessary, does not change its character as a conclusion of fact.    And if it comprehends also a conclusion of law, that is not material.    Separate findings of law and fact were not requested, and if they had been it would be difficult to separate the conclusion of law and conclusion of fact involved in the finding that the defendant was indebted to the plaintiff.    It is in our opinion a proper and appropriate finding of fact, and that, taken in connection with the pleadings to which reference is made, it is sufficient to

support a judgment, for that sum of money, can no reasonably be questioned. We do not perceive the force of the claim that an omission to find, in addition, that the amount was unpaid, changes its character from a finding of fact to a finding of law; but in any event, a finding that the indebtedness exists involves and includes a finding of non-payment. The only other finding is that the agreement of lease was a lien upon certain enumerated personal property of the defendant. It would seem to be plain that this is sufficient to support a judgment declaring the lien and awarding execution. Citizen's Bank v. Farwell, 6 C. C. A., 24 (56 Fed. Rep. 570), is relied upon as a case precisely in point and sustaining the view of counsel for plaintiff in error. In that case it appeared that the trial court intended to embody the agreement in the findings, but by oversight it was omitted. The Court of Appeals say that independently of the agreement the facts found show no liability of the bank, and the agreement being omitted, it results that the findings do not support the judgment. In this case the facts are sufficiently found without embodying the agreement, and as found they support the judgment. The two cases are readily distinguished.

We think the finding of facts in detail, which is urged to be necessary by plaintiff in error, would be a mere finding of the evidence, which is never required and is usually improper. Only the ultimate facts should be found.

The judgment must be *affirmed*.

POTTER, C. J., and CRAIG, DIST. J., concur.