# RAMSEY v. JOHNSON.

LANDLORD AND TENANT — PLEADING — ASSIGNMENT OF RENT WITH-OUT ASSIGNMENT OF LEASE — LIEN.

1. Rent due and accrued for a particular year, under a lease for a term of years may be assigned without an assignment of the lease ; and in an action by the 'assignee to recover the rent so assigned it is unnecessary to allege an assignment of the lease itself.

2. Neither is an assignment of the lease required to enable the assignee to enforce a lien upon personal property, upon the leased premises, provided by the lease as security for the rent so assigned.

3. An assignment of a debt carries with it every remedy and security available to the assignor, as incident thereto, although they are not specifically named in the instrument of assignment.

4. As against one who has given a lien upon property to secure a debt, due or to become due from him, it is not necessary in a petition in a suit to foreclose or enforce the lien, to allege ownership of the property in the debtor.

5. Under the code system of pleading, it is not necessary in stating several causes of action, to repeat every general averment essential to each or common to them all, but as to such matters, reference may be made to distinct allegations in a preceding cause of action, thereby incorporating them in a subsequent cause of action, and avoiding useless repetition.

6. In an action to recover a personal judgment for rent accrued and due, and to enforce a lien securing the same, both the debt and the lien arising under the same written instrument——a lease—where the execution of the contract is fully alleged in the first cause of action, which is based upon the debt, its execution is sufficiently alleged in a second cause of action, based upon the lien, by stating that the lien was agreed upon between the parties "under the terms and conditions of said agreement of lease."

[Decided November 4, 1899.]

On petition for rehearing. The original hearing reported, 7 Wyo., 392.

*E. E. Enterline,* and *D. A. Reavill,* for the plaintiff in error.

The petition failing to allege an assignment of the lease, the property is not bound for the sum alleged to be due to the assignee. The second cause of action is insufficient, not being complete in itself. (Bliss Code Pl., 121; Pomeroy Rem., 575.)

POTTER, CHIEF JUSTICE.

Plaintiff in error files a petition for rehearing, setting forth the following reasons therefor:

1. That the court erred in its statement of facts in stating that the petition set out an assignment of the lease, and in stating that the petition alleged that by the terms of the lease there was a lien upon certain personal property upon the premises, and belonging to the defendant, to secure the payment of the sum claimed to be due.

2. That the court erred in holding that reference could be made to the first cause of action to supply material facts omitted in the second cause of action; and in holding that the second cause of action contained a sufficient statement of facts.

3. That the court erred in holding that reference is made in the findings to the lease described in the pleadings.

4. That the court erred in holding the findings sufficient to support the judgment.

5. That the court erred in affirming the judgment.

It is contended that the petition is insufficient because it did not allege an assignment of the lease, and that this court in its former opinion erroneously recited such an assignment. The recitation of such fact in the opinion may not have been accurate, and probably was not; but

it is entirely immaterial. The plaintiff was not required to plead an assignment of the lease, nor to prove it. The lease itself may not, as a matter of fact, have been assigned. The first cause of action is founded upon a claim for rent of certain premises due and accrued under the terms and agreements of a contract of lease alleged to have been executed between the plaintiff in error, and one William A. Johnson. It is alleged that, "after said amount became due and payable to the said William A. Johnson, as above set forth, and prior to the commencement of this action, the said William A. Johnson sold, assigned, and transferred to the plaintiff, all of his right, title, and interest in and to said amount, and the right to receive the same from the defendant, for a good and valuable consideration, and that the plaintiff is now the real party in interest in this action."

That averment is clearly sufficient to show the right of the plaintiff to recover the amount alleged to have become due, and the assignment of the lease was not essential to her right. The lease was made in December, 1893, and by its terms was to run for seven years. The amount sued for was the rent for the year 1895. There may well have been an assignment of the rent due and accrued for that year without a transfer of the lease.

By the second cause of action it is sought to enforce a lien upon certain personal property upon the leased premises claimed to be provided by the lease as security for the fulfillment of its conditions.

As to that matter, or right also, no specific assignment of the lease is required. It is a familiar rule of law that an assignment of a debt carries with it every remedy and security for such debt available to the assignor as incident thereto, although they are not specifically named in the instrument of assignment. (2 Ency. L., 1084; Graham v. Blinn, 3 Wyo., 746.)

It is further insisted that the petition contained no averment that the property charged with being subject to the lien belonged to defendant. There is no direct alle-

gation of that fact in the petition.  The trial court, however, so found.  But that it did belong to the defendant is necessarily to be inferred from the other allegations. It is averred that the property is on or near the leased property, in the possession of defendant, and that the latter has no *other* property, etc.  It is also stated that defendant had already disposed of a part of the property covered by the lien, and a fear that he will dispose of the remainder is alleged as ground for the appointment of a receiver which is prayed for.

But an allegation that defendant owned the property is not essential.  As against one who has given a lien upon property to secure a debt due or to become due from him, we know of no rule requiring an allegation of ownership in the debtor in a suit to foreclose or enforce the lien. There does not appear to be other claimants, and as against plaintiff in error (defendant below), so far as the petition is concerned, it is sufficient to presume that he agreed to a lien upon property belonging to himself.

Regarding the second ground for the rehearing, it will be well to say, in the first place, that the court in its former opinion *did not* hold that reference could be made to the first cause of action to supply material facts omitted in the second cause of action.  The second cause of action was held sufficient, and we did hold that it was unnecessary to repeat the allegations contained in the first cause of action respecting the execution of the lease; but that the averment that "under and by the terms and conditions of said agreement of lease, it was agreed," etc., was sufficient.  This was so held on the ground that clear and distinct reference is made to the agreement already set out in the petition, and that such a reference is permissible.  This reaches the principal objection which counsel urges against the petition.  The allegation of the cause of action assailed, is in substance that "under and by the terms and conditions of *said agreement of lease*," it was agreed that the personal property and improvements on said property should be held as security for the

fulfillment of the conditions of said lease. It is insisted that the allegation is insufficient, because the execution of the agreement of lease is not again specifically averred.

Counsel rests his contention upon the general rule which is well settled, that each cause of action must be complete in itself; and he relies upon the statement and interpretation of that rule found in Bliss on Code Pleading and in Pomeroy's Remedies and Remedial Rights. It may be seriously questioned whether either of the authors named intended to give such a narrow interpretation to the rule as must be given to it, if counsel's application of it is to be sustained.

At common law, different counts in a declaration are treated for all purposes as distinct as if they are separate declarations, and unless a second count expressly refers to the first, no defect therein will be aided by the preceding count. But it is essential that unnecessary repetition be avoided, and the approved practice at common law, is by an inducement in the first count to apply any matter to the following counts, and to refer in the subsequent counts to such inducement, thus avoiding unnecessary prolixity. (1 Chitty on Pleading, 16th Am. Ed., 429.) And, it is held that at common law an express adoption in a second count of all the allegations of the first is permissible, although the practice is not commended. Florida Cent. & P. R. Co. v. Foxworth, 25 So., 338 (Fla.). See also Dent's Adm'r. v. Scott, 3 Har. & J. 28; Freeland v. McCollaugh, 1 Denio, 414; Crookshank v. Gray, 20, Johns., 344.

Under the code system of pleading the prevailing judicial opinion is that in stating several causes of action, it is not necessary to repeat every general averment essential to each or common to them all, but that as to such matters reference may be made to distinct allegations in a preceding cause of action, thereby incorporating them in a subsequent cause of action and avoiding useless repetition. Kinkead's Code Pl., Sec. 20; Phillips on Code Pl., Sec. 203; Jasper v. Hazen, 2 N. Dak., 401; Sim-

mons v. Fairchild, 42 Barb., 404; Yost v. Bank, 94 Cal.,
494; Green v. Clifford, id., 49; Eldridge v. Hargreaves,
30 Neb., 638; L. N. & S. Ry. Co. v. Wilkins, 45 Kan.,
674; Stone v. Wendover, 2 Mo. App., 247; Ward v.
Kelly, 7 id., 565; Aulbach v. Dahler. 43 Pac., 322
(Idaho).

In Pomeroy's Remedies and Remedial Rights at Sec-
tion 575, it is conceded that the general rule, requiring
each count to be complete in itself, applies only to the
material and issuable facts which constitute the gravamen
of the cause of action, and not to matter which is merely
introductory, or alleged by way of inducement; and while
the exception is not stated so positively by Bliss, in his
text, it is conceded to be recognized in some States.
Bliss on Code Pl., Sec. 121.

In Phillips on Code Pleading, supra, a recent work, it
is said: "But the maxim that words in one instrument
may be incorporated in another by reference — verba
relata inesse vident — applies to the separate divisions of a
pleading; and statements in one cause of action may be
incorporated in another, by apt words of reference and
adoption therein."

In Nebraska the principle is stated as follows: "An
allegation in one count may be referred to in any subse-
quent count and made a part thereof by reference, and
the allegation referred to will be considered in construing
each subsequent count." * * * "Any other rule would
require unnecessary repetition." Eldridge v. Hargreaves,
supra.

The case of Haskell v. Haskell, 54 Cal., 262, has been
occasionally cited as announcing a contrary doctrine; and
it is relied on by counsel. The same may be said of
Pennie v. Hildreth, from the same State, 81 Cal., 131.

But that the cases are not hostile to the prevailing doc-
trine and have been misunderstood, is shown in the case
of Green v. Clifford, 94 Cal., 49, where it is said: "It
has never been the settled law here that the preliminary
averments of a complaint can never be made part of subse-

quent counts by apt and express reference, and without being rewritten," and "of course each count must stand by itself; but it is not fatally defective because it incorporates, by reference, certain general averments which are in the same pleading, and which are necessary to all the counts, if the reference be so plain and explicit as to leave no doubt as to the meaning." The court, in that case, does not commend that method of pleading, but say that "it is not bad enough to upset a judgment."

The conclusion arrived at in Aulbach v. Dahler, supra, by the supreme court of Idaho, is stated as follows; "When several causes of action are united, it is not necessary to rewrite in each count after the first all common allegations, but it is sufficient if apt and express reference is made in each subsequent count to the preliminary allegations stated in the first, thus making them a part thereof."

In the case at bar the allegation that the lease was executed by and between the defendant and William A. Johnson, is common to both causes of action, and is clearly to be considered a preliminary averment. The respective agreements furnishing the basis for the claim of money due, set up in the first cause of action, and the claim of lien sought to be enforced by the second cause of action, are found in the same written instrument — the lease — the due execution of which is alleged in the first cause of action. To require the rewriting in the second count of that allegation, would seem to require unnecessary, not to say useless, repetition.

We think the reference is plain and distinct. It is alleged to have been agreed, etc., "under the terms and conditions of said agreement of lease." But one such agreement is set out in the petition. It is not possible to mistake the meaning or reference.

In Yost v. Bank, 94 Cal., 494, it was held that where a note and mortgage are fully set out and described in one defense of an answer, they may be referred to in a separate defense as having been set out in the preceding

defense, without the necessity of repetition of their contents.

In Beckwith v. Mollahan, 2 W. Va., 477, it is held that a reference to allegations in a preceding cause of action, by the words, "as aforesaid," is sufficient, if the matter so referred to is thereby plainly identified. The words, "on the day and year, and at the place last aforesaid," have been held to amount to a sufficient reference. Rathbun v. Emigh, 6 Wend., 407.

The addition of the words, "executed as aforesaid," or "executed as set forth in the first cause of action," would probably have been nicer pleading, but we do not think that, without them, the reference in this case is insufficient. The agreement as to lien is averred to have been made between the defendant and William A. Johnson, thus further identifying the particular lease already set out in the first cause of action.

In a suit of this nature,— to recover a personal judgment for rent accrued and due, and to enforce the lien securing the same, both the debt and lien arising under the same written instrument,— we think that where the execution of the contract is fully alleged, as in this case, in the first cause of action, which is based upon the indebtedness, its execution is sufficiently referred to in a second cause of action based upon the lien, by a reference such as appears in the petition under consideration.

Were we wrong in this conclusion there would exist no reason for reversing the judgment upon the ground of the objection urged, in view of our statute which requires the court in every stage of an action to disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the adverse party. (Rev. Stat., 1887, Sec. 2502; Dayton Ins. Co. v. Kelly, 24 O. St., 345.) The pleading complained of clearly refers to a particular contract, which has been set out in a preceding cause of action, and if it had not been executed, it could not have been agreed between the parties named as therein alleged.

The remaining contention of counsel has reference to the findings. We see no reason to change our views as announced in the former opinion in respect to them. The matter is sufficiently discussed in that opinion and requires no further elaboration.

We are of the opinion, upon re-examination of the question, that the findings are sufficient to support the judgment.

*Rehearing denied.*

CORN, J., concurs.

KNIGHT, J., did not sit.