## BUFFALO TIN CAN CO. v. E. W. BLISS CO.

### (Circuit Court, W. D. New York. August 29, 1902.)

### No. 36.

1. CONTRACTS—ASSIGNMENT—BREACH—PLEADING.

    A complaint, in an action for breach of contract, alleging that the contract between defendant and plaintiff's assignor was duly assigned and transferred to the plaintiff, sufficiently alleges a transfer of the assignor's right of action to recover for breach of the contract.

Bissell, Metcalf & Riley, for plaintiff.
Latson & Bonynge, for defendant.

HAZEL, District Judge. This is an action at law for breach of contract. The complaint alleges that the contract between the defendant and plaintiff's assignor, the Erie Preserving Company, was duly assigned and transferred to the plaintiff. It does not state when it was assigned, nor does it expressly state that a chose in action for its breach had accrued at the time of the assignment. The demurrer interposed by the defendant is upon the ground that the complaint fails to state sufficient facts upon which to base the action. To maintain that position it is contended that the assignment, without showing on its face a transfer of the contract before or after the alleged breach, does not carry with it a right to recovery; that the complaint justifies the inference that the alleged breach antedates the assignment, and, therefore, the cause of action remains in the Erie Preserving Company, and has never vested in the plaintiff, its assignee. This objection is untenable. In the circumstances appearing by the bill, it would seem that the time and place for making the assignment, the consideration passing therefor, the intent of the parties, as well as such information as may be deemed material to establish plaintiff's status as a litigant, are matters properly proven on the trial. The inference to be drawn from the bill tends toward an impression that the defendant had knowledge of the intended formation of the plaintiff corporation at the time of making the contract, and that such contract would inure to plaintiff's sole benefit. This view is given added force by the manner in which it was agreed that the defendant should be paid for building the machinery and dies. Payments in cash and notes made by plaintiff were to have been accepted by the defendant. Assuming that the breach occurred prior to the assignment, what was there to transfer? The only value to the contract was a chose in action and damages recoverable for failure to perform. The cases cited by counsel for demurrant are not strictly in point. The case of Waldron v. Willard, 17 N. Y. 466, seems more nearly to apply. In that case the

¶ 1. See Assignments, vol. 4, Cent. Dig. § 221.

assignee sold all his interest in the goods sunk by the boat Wyoming. The goods in question had been sunk in Hudson river. The action was to recover damages for breach of the contract to deliver them. It was insisted that the assignment was in legal effect a transfer of the goods to the plaintiff, and not an assignment for damages by reason of nondelivery. After stating the rule that contracts are to be construed in the light of surrounding circumstances with the view to understand more perfectly the intent of the parties, the learned court said:

"Courts are not required to confine themselves to the exact signification of the terms found in the contract, when it is plain, from the situation of the parties at the time it was made, and the condition of the subject-matter of the contract, that a literal interpretation of the language of the parties would fail to give effect to their intention. It is upon this principle that extrinsic evidence is always allowable, to enable the court to place itself in the position occupied by the parties themselves when they contracted, that thus it may the better discern their real intention."

And further on:

"Parties to a contract are always to be supposed to have intended something, rather than nothing, by what they have said."

Applying this language to the case at bar, it would seem clear that the assignment referred to by the bill intended to transfer to the plaintiff a cause of action against the defendant for its failure to comply with the provisions of the agreement dated April 3, 1901. The demurrer is overruled with costs.