## ELLER v. SALATHE
(No. 1743; June 11, 1932; 12 Pac. (2d) 386)

The cause was submitted for the appellant upon the brief of *Samuel Corson,* of Evanston, Wyoming, and *Fermoraz T. Little,* of Salt Lake City, Utah.

The cause was submitted for the respondent upon the brief by *Geo. H. Crosby* and *Kent M. Crosby,* both of Evanston, Wyoming.

BLUME, Justice.

This is an action brought by H. M. Eller, plaintiff, against Frederick Salathe, Jr., defendant. Judgment was rendered for the plaintiff in the sum of $1476.30, from which the defendant has appealed. The parties will be designated herein as in the court below.

The amended petition herein contains three causes of action, the second of which was dismissed and need not, accordingly, be considered. A demurrer, on the ground that the facts alleged were not sufficient to constitute any cause of action, was overruled, and the case was tried without a jury, upon the amended petition, an answer thereto, and a reply to the latter. In the first cause of action, plaintiff claimed the sum of $1000 as rental due on a drilling ma-

chine. Paragraphs 2 to 4 of this cause of action were as follows:

"2. That on or about the 22nd day of August, 1928, at Evanston, Wyoming, the plaintiff rented and hired to the defendant, and the defendant rented and hired from the plaintiff one Star Oil Well Drilling Machine, and said defendant agreed to pay therefor a monthly rental of Two Hundred ($200.00) Dollars, payable monthly in advance on the 29th day of each and every month.

3. That the plaintiff furnished the said Star Oil Well Drilling Machine to work on a certain oil well known as Cooper Well Number Two, located on Section 19 of Township 17 North, Range 118 West of the 6th principal meridian, from the 29th day of August, 1928 up to the 29th day of March, 1929, or for seven months.

4. That the defendant has paid to the plaintiff for the rental for the seven months aforesaid the sum of Four Hundred ($400.00) Dollars only, and that there is now due and payable from the defendant to this plaintiff a balance of One Thousand ($1000.00) Dollars, and that defendant refuses to pay and fails to pay the said One Thousand Dollars or any part thereof."

It is argued that the court erred in overruling the demurrer, and it is urged that the first cause of action fails to allege a delivery of the drilling machine to the defendant, and that accordingly it fails to state that there was any consideration for the alleged agreement. Ordinarily, where mutual promises are made, the one furnishes a sufficient consideration to support an action on the other. 13 C. J. 328. But, it is argued, a lease of a drilling machine is a species of bailment, as it doubtless is (see Learned-Letcher Lumber Company v. Fowler, 109 Ala. 169, 19 So. 396), and that delivery and possession by the bailee is an essential element therein, and that it must be alleged. Without passing upon the contention so made, we think that it may fairly be gathered from the allegations that the drilling machine was delivered. If the term "hire" does not imply it, we think the term "furnish," as used in paragraph 3, does.

The drilling machine could not well be "furnished" to the defendant without being delivered to him.

It may be noted that it was alleged that the drilling machine was to be furnished for an oil well located on Section 19, Township 17, North Range 118. The evidence during the trial showed that defendant agreed to pay as rental the sum of $200 a month in accordance with, and to carry out, a lease agreement for the same drilling machine between the plaintiff in the case and Paul L. Cooper. That agreement disclosed that the drilling machine was to be used on Section 19, Township 18, Range 117. Thereupon the plaintiff asked permission to make an amendment to his petition to conform it to the description as used in that agreement. Defendant objected to the amendment and also to the introduction of the agreement because not in conformity with the allegations of the petition as it then stood. The court, however, allowed the amendment to be made. That action is assigned as error. We think, however, that the contention and the objections must be overruled. It was, under the circumstances of this case, wholly immaterial where the drilling machine was to be used. The place of its use was merely an incident. If defendant used the machine at a place different from that specified in the contract between the parties, the only person who could possibly complain thereof would be the plaintiff, not the defendant. The gist of the action was the lease of the drilling machine, not the place of its use, and a misdescription of the latter could not easily mislead defendant as to the identity of the contract sued on and the one that was proved.

2. In the 3rd cause of action the plaintiff sued to recover $979.94 on an account due from the defendant to Paul L. Cooper and assigned to the plaintiff. The allegations of paragraphs 2 and 3 of this cause of action, as amended, are as follows:

"2. That at various times during the months of June and July, 1928 the defendant, Frederick Salathe, Jr., be-

came indebted to one Paul L. Cooper in the sum of approximately Nine Hundred Seventy-nine and 94/100 ($979.94) Dollars on an account for money lent to said defendant by said Paul L. Cooper, and for various monies paid, layed out and expended in paying all of certain bills, accounts and expenditures, all as more fully shown by an account hereunto attached marked 'Exhibit A', of which the defendant Frederick Salathe, Jr., should have paid one-half, and that the said loans and expenditures were made by said Paul L. Cooper at the request of said defendant.

3. That thereafter said Paul L. Cooper assigned said account and indebtedness to this plaintiff, of which the defendant has had due notice.''

During the course of the trial the plaintiff asked to make an amendment to show that the indebtedness to Cooper arose during the months of March, April and August, as well as in June and July of 1928. The court gave permission to do so, and this is claimed as error and as unfair to the defendant. Attached to the third cause of action was an itemized statement of the account, showing that the indebtedness to Cooper arose during March, April, June, July and August, and we cannot, accordingly, see how defendant could have been prejudiced by the action of the court.

The defendant claims that the court erred in overruling the demurrer to the third cause of action, for the reason that it fails to state that there was any consideration for the assignment from Cooper to the plaintiff, or that the plaintiff became assignee before the commencement of the action, or that he was a holder of the account, as assignee, at that time. The contention is not, we think, well grounded. Ramsey v. Johnson, 7 Wyo. 392, 52 Pac. 1084; Id. 8 Wyo. 476, 58 Pac. 755, 80 Am. St. Rep. 948, is not in point. Whether or not plaintiff paid to Cooper any consideration for the assignment does not concern the defendant. 5 C. J. 944, 1010. Cooper had a perfect right, if he desired, to make a gift of his account against the defendant. And while, perhaps, it would have been better to have alleged that the account was assigned previous to the commencement of the

action, we cannot say that the lack of a specific statement to that effect makes the petition in this regard fatally defective. The exact time of the assignment was, in this case, wholly immaterial, provided that it appears that he was the owner of the account at the time that he brought suit. Danser v. Malonee, 77 W. Va. 26, 86 S. E. 895; Bulova v. Barnett Inc., 111 Misc. 150, 181 N. Y. S. 247; Buffalo Tin Can Co. v. Bliss Co., (C. C.) 118 Fed. 106; Union Collection Co. v. Fertilizer Company, 2 Cal. App. 52, 82 Pac. 1129, 5 C. J. 1009. The allegation in the amended petition in regard to the assignment is substantially like that in the original petition, and in both cases the making thereof is mentioned in the past tense. The amendment introduced nothing new, and, doubtless, must be held to relate back to the time of filing the original pleading. 49 C. J. 560. Referring, accordingly, to the assignment as having been made in the past, no other conclusion can be drawn than that it had already been made at the time of the commencement of the action.

Nor do we think that the contention is well taken that the pleadings fail to show that plaintiff was the holder of the account at the time of the commencement of the suit, for that may be gathered, though imperfectly, from the allegations already set out, together with the further allegation that the "defendant has not paid said account, or any part thereof, and that all of said amount is due and payable from the defendant to this plaintiff." A contention similar to that made here was made in the case of Krieger v. Feeny, 14 Cal. App. 538, 112 Pac. 901, 903. The court said in part:

"But it is claimed that the first cause of action sought to be stated in the complaint is defective in that, while it discloses the assignment of the claim therein pleaded by the assignor to plaintiff, it does not show that plaintiff was the owner thereof at the time of the filing of the complaint. In Irish v. Sunderhaus, 122 Cal. 308, 54 Pac. 1113, which was an action brought by the plaintiff as assignee of certain claims of creditors, the complaint, after pleading the debt of each creditor, and after an averment that the debt was

still due and unpaid, alleged: 'That said claim was duly assigned to this plaintiff before the commencement of this action.' No other averment appeared in the complaint from which it appeared that the plaintiff was the owner of said claim at the time the suit was filed. It was contended there, as it is here, that the complaint failed to state a cause of action by reason of the omission to aver that plaintiff, when he filed the complaint, was still the owner of the assigned claim. The Supreme Court held that, while the complaint would fall before a special demurrer, it would stand as against a general demurrer. There is to be gathered from the complaint here a fair implication that plaintiff, in his first-stated cause of action, claimed ownership of the claim at the time of the commencement of the action, and, as stated, that is sufficient as against a general demurrer.''

The evidence discloses that Paul L. Cooper had a certain oil mining claim and that he agreed that he would give the defendant a 30% interest therein if the latter would procure a purchaser for Cooper's claim. In order to keep the claim in good standing, it appears to have been necessary to drill on the land, and, as testified to by Cooper, it was agreed between him and the defendant that they should drill upon the land and that each of them should pay one-half of the necessary expenditures in connection therewith. He further testified that he paid for all of the expenditures and that the defendant had not repaid any part thereof. He was asked on cross-examination as to whether or not there existed a partnership between him and the defendant in connection with this drilling. This was denied. It is insisted that, notwithstanding this denial, the facts in the case clearly show that such partnership existed; that, accordingly, the only action that could be brought against the defendant, by reason of the expenditures made, would be an action in equity for a dissolution of the partnership and an accounting. We need not determine as to whether or not the claim as to the existence of the partnership is correct. It is not necessary in all cases of partnership to bring an action for dissolution and an accounting, particularly when

the partnership is limited to one venture. 47 C. J. 805. It is stated in 47 C. J. 813 that an action of assumpsit, which is substantially the action herein, is maintainable during the existence of a partnership for the recovery by one partner of money contributed by him to the firm which the other partner was bound to contribute. That is substantially the situation herein. In any event, there were no mutual accounts to be adjusted between Cooper and the defendant; whatever indebtedness existed was due from the defendant to Cooper; that amount was liquidated and easily ascertainable; the venture engaged in by the parties had terminated, and we are unable to see how the defendant could have been prejudiced by the form of action brought against him.

A few other points are argued, but which we consider to be without merit. Defendant claims, for instance, that the court should not have admitted in evidence the written assignment from Cooper to the plaintiff. We can perceive no error in this regard. He further complains of the admission in evidence of certain receipts taken by Cooper, or others for him, in connection with the expenditures above mentioned. He has not pointed out how his client could have been prejudiced thereby. He further complains that he cannot figure out how the court could have arrived at the exact amount of the judgment given in the case. There was evidence in the record which apparently would have warranted the court in making the judgment larger, and the fact was that it was smaller than the evidence warranted, cannot, of course, be a matter of complaint on the part of the defendant. The plaintiff, too, complained, but of the fact that the amount of the judgment was not sufficiently large, and took steps for a cross-appeal. In fact he asks in his brief that the amount be increased by this court. But he filed no assignment of errors, and abandoned the cross-appeal. We would not, accordingly, be authorized to amend the judgment.

Finding no prejudicial error in the record, the judgment of the trial court must be affirmed and it is so ordered.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.