**Emmett RICHARDSON, Appellant (Defendant),**

v.

**Marvilyn L. GREEN, Appellee (Plaintiff).**

**No. 5647.**

Supreme Court of Wyoming.

May 5, 1982.

W. H. Vines, Jones, Jones, Vines & Hunkins, Wheatland, for appellant.

Jack R. Gage and Thomas E. Campbell, Hanes, Gage & Burke, P. C., Cheyenne, for appellee.

BROWN, Justice.

The basis of appellee's cause of action is an oral contract between her former husband and appellant. This contract was awarded to appellee in a divorce action as part of a property settlement. The trial court found that there was a valid contract and rendered judgment accordingly. The issues are:

"1) Whether there was sufficient evidence before the trial court to support its finding of an oral contract for the sale of the horse trailer.

"2) Whether trial court's award of damages in the sum of $14,000 was substantiated by the evidence.

"3) Whether Appellee's claim, based upon breach of an oral contract, was for a liquidated amount thereby allowing the award of prejudgment interest."

We will affirm.

The facts surrounding the oral contract are, for the most part, undisputed. On or about February 21, 1979, appellant leased, with an option to buy, a horse trailer belonging to Afton Green, appellee's former husband. Appellant used the trailer to haul his horses from Texas, and since that time has had possession of the horse trailer. He used the trailer on two trips to Illinois, a trip to Nebraska, and another trip to Texas. It was used on some other occasions, but the record does not clearly indicate the useage. After the first trip to Texas appellant and Afton Green talked about a sale of the trailer. Appellant admits that he agreed to purchase the trailer for $14,000 if he could arrange financing.[1] Afton Green's testimony was that appellant agreed to purchase the trailer and that he needed a few days to get the money.

## I

We assume that evidence in favor of the successful party is true, disregarding entirely the evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. "So long as there exists substantial evidence supporting the trier of fact's determination, we will not second guess it on appeal." Hollon v. McComb, Wyo., 636 P.2d 513, 516 (1981). Whether an oral contract exists, its terms and conditions and the intent of the parties are questions of fact. Jim's Water Service, Inc. v. Alinen, Wyo., 608 P.2d 667 (1980).

Afton Green testified to the terms of the sale:

" * * * So when they got back [from the first trip to Texas] they said we like this trailer; it is a good trailer; we would like to purchase it.

"Q. Who told you that?

"A. Mr. Richardson, and he said it would be ten days to two weeks before I have your money for you."

Mr. Green contacted appellant numerous times after the sale and the purchase price had been agreed upon, and inquired when he would get the money from the sale. Each time appellant said he needed a few more days to get the money. Finally on October 1, 1979, in response to a call by Green, appellant said he decided that he did not want the trailer, and that he could not afford it. However, before this date appellant had purchased a less expensive trailer.

After appellant took possession of the trailer all his actions or inactions were consistent with a sale rather than a lease. He used the trailer regularly and made no attempt at any time to return it to Mr. Green. Appellant never requested that Green pick up the trailer nor did he pay rental or offer to pay rental on the trailer. Appellant also insured the trailer.

The evidence, together with every favorable inference which may be reasonably and fairly drawn from it, when viewed in the light most favorable to appellee, is sufficient to support the finding of the trial court that a contract existed for the sale of the horse trailer for $14,000. Rissler & McMurry Company v. Atlantic Richfield Company, Wyo., 559 P.2d 25 (1977); and Cramer v. Redman, 10 Wyo. 328, 68 P. 1003 (1903).

## II

Appellant's second contention that appellee's judgment must be limited, in any

1. There was some discussion between appellant and Afton Green about painting or rejuvenating the trailer. There was also some discussion about the sale of a fifth wheel. These additional items were discussed but never agreed upon. They were not included in the basic purchase price of $14,000.

event, to $5,000 is totally without merit. Here appellee was awarded or assigned in a divorce action the contract debt owing to her husband, Afton Green, from appellant. This award was part of a property division and was valued by the trial court at $5,000. In *Eller v. Salathe*, 44 Wyo. 369, 379, 12 P.2d 386 (1932), we said, "Whether or not plaintiff paid to Cooper any consideration for the assignment does not concern the defendant." The same rule is applicable here. We hold that appellant has no standing to complain that the claim against him was valued at $5,000 in a divorce action. We see no reason to relieve appellant of his obligation to pay his $14,000 debt because it was valued at $5,000 in a property settlement. Appellant seems to suggest that appellee would be getting a windfall if she is awarded more than $5,000. We do not know that appellee will get a windfall if she collects the judgment against appellant. The cost of litigation and collection will substantially reduce the amount eventually received. Furthermore, a claim requiring a lawsuit to enforce it is somewhat a speculative claim and certainly is not as valuable as cash or property in hand. Authorities cited by appellant are not in point. If we were to accept appellant's argument, we would be saying that he is entitled to a $14,000 horse trailer for only $5,000. That is truly a windfall.

## III

■ The trial court awarded appellee interest from March 21, 1979, on the principal amount of the judgment. Appellant took possession of the trailer February 21, 1979, and the agreement to purchase the trailer was concluded after he returned from Texas. Apparently, the terms of the sale were discussed in February, 1979, and appellant agreed to pay the purchase price in ten days or two weeks. The trial judge concluded that the sale was consummated before March 21, 1979. That is not an unreasonable conclusion.

Here the purchase price of $14,000 has never been in dispute, although as we said before, appellant contends that the sale was

contingent upon him obtaining financing. We have found otherwise with respect to the contingency.

" * * * Prejudgment interest may be allowed where a claim is considered liquidated—that is, the amount of the claim could have been readily determined by the obligor through simple mathematical computation. * * * " *Hollon v. McComb*, supra, at 516.

Here the date that the contract was entered into was determined with reasonable certainty and the purchase price was never in dispute.

We find no error in the trial court's determination.

Affirmed.