CAROLINE J. LANDER ET AL. V. OTTO ABRAHAMSON ET AL.

[FILED MAY 18, 1892.]

1. **Pleading:** FRAUD. Where it is claimed that an administrators' sale of real estate which has been confirmed, and a deed executed, was fraudulent, the facts constituting the alleged fraud should be set forth in a petition sworn to positively.

2. **Judgments:** VACATION AFTER TERM: GROUNDS. To authorize the vacation of a judgment on petition after the term at which it is rendered it must be made to appear not only that

the judgment is fraudulent, but that the petitioner has a valid defense to the proceeding or action.

3. ———: ———. In a proceeding to vacate the order of confirmation of an administrator's sale of real estate, *held*, that all the proceedings leading up to and including the sale were regular, and the court did not err in overruling the application to vacate.

ERROR to the district court for Kearney county. Tried below before GASLIN, J.

*Marston & Nevius*, and *Reese & Gilkeson*, for plaintiffs in error, cited: *Pope v. Hooper*, 6 Neb., 185; *Turney v. Young*, 22 Ill., 253; Rorer, Void Jud. Sales, sec. 10; *Morris v. Hogle*, 37 Ill., 155; *Huntington v. Finch*, 3 O. St., 448; *Hoard v. Hoard*, 41 Ala., 590; *Guy v. Pierson*, 21 Ind., 18; *Johnson v. Johnson*, 30 Ill., 215; *Gerrard v. Thompson*, 12 Ind., 636; *Valle v. Fleming*, 19 Mo., 454; *French v. Hoyt*, 6 N. H., 370; *Rankin v. Miller*, 43 Ia., 11; *Mickel v. Hicks*, 19 Kan., 578; *Sibley v. Waffle*, 16 N. Y., 180; *Winston v. McLendon*, 43 Miss., 254.

*St. Clair & McPheely*, *contra*, cited: *Keene v. Sallenback*, 15 Neb., 200; *Scudder v. Sargeant*, Id., 102; *McClay v. Foxworthy*, 18 Id., 295; *Sheldon's Lessee v. Newton*, 3 O. St., 494–508; *Paine's Lessee v. Mooreland*, 15 O., 436; *Robb v. Irwin's Lessee*, Id., 700; *Snevely's Lessee v. Lowe*, 18 Id., 368; *Benson v. Cilley*, 8 O. St., 605; *Trumble v. Williams*, 18 Neb., 145; *Seward v. Didier*, 16 Id., 62; *Seymour v. Ricketts*, 21 Id., 240.

MAXWELL, CH. J.

The court below overruled a motion to set aside an administrator's sale of real estate which had been confirmed four years before, and a deed made to the purchaser. Twelve grounds are assigned in the motion, which in the conclusion we have reached need not be noticed at length. The first question presented is, Whether the question

sought to be presented can be raised by motion? We think not. The substance of the motion is that the sale of the land was unnecessary, and, therefore, a fraud on the minor children of the deceased. When it is claimed that a judgment has been obtained by fraud the proper procedure is by petition filed in the same case, setting forth the grounds upon which it is sought to vacate the judgment. This is to be verified positively, or accompanied by affidavits, and not sworn to upon information and belief, as the court will not consider the matter and imperil the rights of parties under the judgment without this certainty. It must appear that there is a valid defense to the proceedings, and that the judgment is fraudulent and wrong. If on a retrial substantially the same judgment apparently would be rendered, the judgment will not be vacated. But even if we treat the motion as a petition, it is insufficient in its statement of facts with the proof offered to justify the court in vacating the judgment.

Second—The petition for the sale of the real estate is as follows:

"In the District Court of Kearney County, State of Nebraska.

"In the Matter of the Estate of Peter O. Lander, late of said County, now deceased.    } Petition to sell real estate.

"Your petitioner, Otto Abrahamson, respectfully represents and petitions the honorable judge of the district court of Kearney county, Nebraska, that he is the legally appointed, duly qualified, and acting administrator of the estate of Peter O. Lander, late of Kearney county, state of Nebraska, now deceased; that he was so appointed and qualified as such administrator on the 16th day of October, A. D. 1883; that the entire assets of said estate which came into the hands of your petitioner as such administrator was the sum of $696.50, and that there remains in his

hands thereof the sum of $69.61 undisposed of; that the debts outstanding, and including allowance to widow, against said estate, so far as the same can be ascertained, amount to the sum of $1,335, of which the sum of $626.89 has been by him paid off, leaving a balance thereof still unpaid of $708.11 ; that said decedent died seized in fee simple of the following described real estate situated in Kearney county, Nebraska, to-wit: The northwest quarter of section No. 18, in township 6, range 16 west, upon which there is a mortgage executed by said decedent in his lifetime for the sum of $300, due ——, 188—, and unpaid; that said decedent died seized in his own right of a contract executed by the Union Pacific Railway Company for the conveyance to said decedent of the following described lands in said Kearney county, Nebraska, to-wit: The south half of the southwest quarter of section 7, in township 6, range 16 west, upon which there has been paid the sum of $219.13, and there remains unpaid thereon the sum of $158.21; that the indebtedness of said estate remaining unpaid, including the aforesaid mortgage, is the sm of $1,166.32, or thereabouts, besides the costs and expenses of administration. He therefore asks an order for the sale of said aforesaid real estate, and for the purpose of paying off said indebtedness, and authority and direction to properly and fully assign and transfer to the purchaser the aforesaid contracts of the U. P. Ry. Co. for deed, and for such other order as to the court may appear just and proper in the premises."

Upon this petition the proper orders were made and the sale took place and was confirmed and a deed made to the purchaser, and at every step of the proceedings the judge seems to have acted advisedly and with due care to the rights of the parties.

In a new state like this, where lands rapidly appreciate in value in any particular locality after settlers have come in and made improvements thereon, values which five or ten years before may have been sufficient may seem to be

inadequate, yet creditors could not be asked or expected to wait for the increase in value of the estate.    They are entitled to what is due them within a reasonable time after their claims are allowed, and if the property sells for a fair price, considering the values of other property of like character in that vicinity at that time, it is all that can be required.

There is testimony in the record tending to show that in the year 1856 the plaintiff Caroline C. Lewis was married to Peter O. Lander; that William Lander and Emma Lander are minor children of said parties; that the parties at the time of marriage resided in Illinois; that in the year 1871 Caroline Lander obtained a divorce from her husband in that state and the custody of the minor children; that Peter Lander afterwards removed to Kearney county, this state, and married Charlotte M. Lander; that on the 22d of September 1883, Peter Lander died and on the petition of the widow, Otto Abrahamson was appointed administrator.    There are a number of charges against the administration, that he paid claims which had not been allowed against the estate, but we find no allegation that they were not proper claims for which the estate was liable.    We cannot in this proceeding determine whether claims were properly or improperly allowed and paid, as the questions relate solely to the alleged fraud in the sale of the real estate and there is a failure to establish the same.    The judgment is therefore

AFFIRMED.

The other judges concur.