B. B. LITTLE, Appellant, v. LEW I. STURGIS, Appellee.

**Bills and notes:** PLEADINGS: DEMURRER. In an action on a note
1 by a purchaser from the assignee of a bank, where the answer was in two counts, the first admitting its execution but denying ownership and demanding proof, the second alleging as a set-off an unpaid deposit account against the bank and praying that the note be adjudged paid and extinguished thereby, a demurrer to the answer as a whole should not have been sustained since the first count put the plaintiff to some measure of proof.

**Banks:** INSOLVENCY: SET-OFF. Where a note payable to an in-
2 solvent bank was long past due when assigned to plaintiff by the bank's assignee for creditors, the maker was entitled to set off against the note the amount of his deposit account with the bank.

**Assignment for benefit of creditors:** EXTINGUISHMENT OF CLAIM.
3 Neither the filing of a claim nor the payment of a dividend thereon less than the amount due will extinguish such claim in a general assignment for the benefit of creditors, but the creditor may afterward enforce payment from the debtor.

**Estoppel.** Neither the assignee of a bank nor the holder of a
4 depositor's note by assignment from the assignee can insist that as the note was not applied in extinguishment of the maker's deposit account and the maker's dividends were therefore increased he was estopped to resist payment of the note to the extent of the unpaid portion of the deposit.

*Appeal from Fayette District Court.*— HON. L. E. FELLOWS, Judge.

WEDNESDAY, APRIL 12, 1905.

ACTION upon a promissory note. To the answer of the defendant a demurrer was interposed, and this was overruled. Plaintiff appeals.—*Affirmed.*

*Jay Cook,* for appellant.

*Ainsworth & Estey,* for appellee.

BISHOP, J.—From the petition it appears that the note in suit was executed by the defendant to the Citizens' Bank of Oelwein in June, 1895, and provides for the payment of $70 four months after date; that in 1900 said bank made an assignment for the benefit of creditors, under the statute, to Jay Cook, and in February, 1900, the latter, as assignee, sold and delivered said note to the plaintiff. The answer is in two counts. In the first the execution of the note sued upon is admitted, but defendant denies, upon information and belief, and demands proof of, the ownership of such note by plaintiff. In the second count, by way of further answer, and as a counterclaim or offset, the defendant says that at the time of the assignment by the bank it was indebted to him on account of moneys on deposit in the sum of $910.84, and that a claim therefor was duly filed with Jay Cook, assignee; that the indebtedness represented by said claim remains unpaid, except that upon a dividend declared by said assignee there was paid to defendant the sum of $18.21. It is then said that no demand was ever made for payment of said note by said assignee, and that at the time of the assignment thereof to plaintiff the same had been fully paid and extinguished by the indebtedness due defendant from said bank. The prayer of the answer is that the note be adjudged paid, and that the same be surrendered to defendant, and that he have his costs. The demurrer is addressed to the answer as a whole, and is as follows: " The facts stated do not entitle defendant to the relief demanded, for that the claim of the defendant against the bank having been filed with the assignee, and defendant having received his *pro rata* share of the dividend paid and settlement made by the assignee of said bank with the creditors thereof, which settlement was an adjudication and termination of said claim." Manifestly the demurrer was properly overruled, because, by the allegation of the first count of the answer,

plaintiff was put to some measure of proof. *Darr v. Lilley,* 11 Iowa, 4; *McPhail v. Hyatt,* 29 Iowa, 137.

We think it was properly overruled as to the second count of the answer. We are not quite sure that we understand the language employed in the demurrer, but assume that it was intended to assert that, having filed his deposit claim with the assignee, and having received a dividend thereon, the defendant was in no position to resist payment of the note here sued upon. We do not understand such to be the law. Had this suit been brought by the bank, the defendant could have offset against the same so much of his deposit account as would have been sufficient to constitute payment, and of this no one can have any doubt. Now, under a general assignment for the benefit of creditors, a claim filed is not extinguished by the fact of such filing, or by the payment of a dividend thereon less in amount than the face of such claim. The creditor may offset his claim against any claim held against him by the assignee, if such there be, and this because in such respect the assignee is clothed with no rights other or different from those which obtained in favor of his assignor. So, too, a creditor who has filed his claim, and who may have received a dividend thereon, is not precluded from afterwards enforcing payment of the balance due him by proceeding against his debtor by judgment or by other lawful means. *Sperry v. Gallagher,* 77 Iowa, 107; 4 Cyc. 271.

As the note in suit was long past due when it came to the possession of plaintiff, by familiar doctrine his rights must be measured by what would have been the right of the original payee and the subsequently appointed assignee of such payee.

It is said in argument that, as the amount of the note was not applied in extinguishment of the deposit account, the dividend paid to defendant was proportionately increased, and therefore he ought not to be heard to resist payment of such note. Perhaps the other creditors may have complained

of this, but, as the assignee could not have been heard to assert such matter, we do not see how plaintiff can be in any better position.—*Affirmed.*