## WILLIAMS v. McWHORTER
(No. 1065; October 16, 1923; 218 Pac. 791.)

CONTRACTS—ASSIGNMENT OF CONTRACT—ASSIGNEE'S LIABILITY—NOVATION—ESTOPPEL—AGENCY—VARIANCE—THEORY OF CASE—PLEADINGS—ORDER OF REVERSAL.

1. An assignment of contract may transfer rights without binding assignee to discharge assignor's duties thereunder, duties under a contract not being in any true sense assignable.

2. One bound to perform duties under a bilateral contract which may be delegated, may assign his rights, and contract with his assignee to perform his duties thereunder.

3. An assignment of a contract to a corporation by one of its officers, is not rendered ineffectual by the mere fact that assignor is an officer of assignee.

4. Estoppel, novation and ratification are distinct methods by which liability may become fixed and enforced, under proper pleadings and proof.

5. A novation of rights and obligations under a contract requires a contract of substitution by one party with a third party and the consent of the other party to such substitution.

6. While a mere variance between the pleadings and proof are often held immaterial under Comp. Stats. 1920, Secs. 5860-5861, the rule will not permit a recovery on a theory different from that advanced by the petition.

7. Where a joint and several judgment rendered against two defendants was erroneous as to one defendant who appeals, the appellate court in ordering a reversal, will permit plaintiffs to elect that the entire judgment be vacated and a new trial had as to both defendants, with or without amended pleadings.

APPEAL from District Court, Weston County; HARRY P. ILSLEY, Judge.

Action by Charles C. Williams and others against Milton McWhorter and United States Oil & Refining Company, for damages for an alleged breach of contract to drill a well for oil or gas. From a joint and several judgment against defendants the defendant company appeals.

*Edwin L. Brown* for appellant.

The judgment rendered against defendant corporation is unsupported by allegations or proof of liabiilty under the contract; McWhorter entered into a contract with plaintiffs, but there was no evidence of an assignment to defendant corporation; evidence of an assignment should be of a positive character; 5 C. J. 1092, as well as its ratification if assigned to a corporation; the contract was one of a character involving personal relations and not assignable except with the consent of all parties thereto; the petition did not show that plaintiffs consented to the assignment; certain classes of contracts are non-assignable. 5 C. J. 880. Examples are to be found in contracts for personal service requiring special skill or reposing special confidence; for the splitting of rails; for county printing; 5 C. J. 883-B Campbell v. Sumner County, 64 Kans. 376; 67 Pac. 886. Evidence of delays for which plaintiffs sought to recover was not competent until it was first shown that the delays were not caused by acts and conditions over which McWhorter had control, or were not caused by acts of providence and physical causes which the first party, or, in the event of a legal assignment, the assignee, could control.

*Earl McDonald* and *David A. Fakler,* for respondent.

Appellant succeeded to all of the interests and liabilities of McWhorter under the contract, paid thereon the sum of $2100.00 and therefore ratified it; it is estopped by its conduct. 16 Cyc. 680; it is also estopped from denying the assignability of the contract. 16 R. C. L. 989; 13 C. J. 318. The evidence shows that respondents did everything in their

power to fulfill every part of the contract and were prevented from completing the same by acts of the appellant; respondents suffered damages by the breach; to the extent found by the court.

*Edwin L. Brown* in reply.

There was no evidence of assignment; estoppel must be pleaded and supported by evidence. Nickum v. Burckhardt, 30 Ore. 464; 60 A. S. R. 822., also 3 Story's E. Jr. 582. Estoppel cannot be raised for the first time on appeal. Boston Co. v. Reed (Colo.) 48 Pac. 515; Reynolds v. Pascoe, (Utah) 66 Pac. 1064. There can be no ratification of an act or contract which never existed. 21 C. J. 1113.

KIMBALL, Justice.

The plaintiffs (respondents), by written contract with Milton McWhorter, one of the defendants, agreed to drill a well for oil or gas on a tract of land in Crook County. The other defendant was the appellant, the United States Oil and Refining Company, a corporation. There is nothing appearing on the face of the contract to indicate that the company was a party to it or intended to be bound by it, and by its terms it bound McWhorter personally and not in any representative capacity. The contract provided, among other things, that McWorter furnish casing necessary to case the well as it was drilled; that he pay $6 per foot for the drilling, and $60 per day in lieu of damages for all delays in drilling for causes which he might control.

The petition stated two causes of action, but as the judgment is based on the second only, we need not notice the other. The second cause of action was to recover on the contract $6 per foot for drilling 615 feet, and $60 per day for 55½ days delay occasioned by failure to furnish casing necessary to a continuance of the drilling, a total of $7020, less payments of $2100. The only allegation of the petition that can be claimed to state a reason for holding the company liable on the contract is "that the defend-

ant Milton McWhorter did assign said contract to said defendant corporation but without the consent or knowledge of these plaintiffs, and that the said defendant corporation made the payments upon said contract as hereinafter set forth and assumed the obligations thereon but not in any way relieving the defendant McWhorter from responsibility to these plaintiffs.''

McWhorter made no defense to the action and has not appealed from the judgment. The case was tried upon the petition and the defendant company's separate answer which was in effect a general denial. After a trial without a jury a joint and several judgment was rendered against the defendants upon plaintiffs' second cause of action for the amount demanded by the petition, and the defendant company appeals.

It is apparent from the petition that it was not the theory of plaintiffs that McWhorter, in entering into the drilling contract, was acting as agent for the defendant company. It was not claimed that the company was liable on that contract from the beginning, but it was evidently the purpose of the pleader to charge that the company became bound by some later contract to discharge the obligations originally assumed by McWhorter only. The allegations setting forth this later contract to which the company was a party were, to say the least, quite informal. It was alleged that McWhorter assigned the contract to the company. By such an assignment he may have transferred to the company his rights under the drilling contract without binding his assignee to discharge his duties. Duties under a contract are not in any true sense assignable. 1 Williston on Cont., Sec. 412. However, if a party be bound by a bilateral contract to perform duties which may be delegated, he may assign his rights and also contract with his assignee to perform his duties. It is probable that this was what the plaintiffs intended to plead when they stated in the petition that the company on becoming the assignee of McWhorter assumed his obligations

under the drilling contract. It may be noted in passing that it would seem that the only fact alleged was the fact of assignment, and that the statement that the company "assumed the obligations thereon" was a legal conclusion which did not necessarily follow from the fact pleaded. However, we do not care to base our decision on the question of pleading, and our purpose in referring to the petition is to show that under the theory adopted by plaintiffs the existence of a contract whereby the company was bound to discharge the obligations of McWhorter under the drilling contract was a material fact necessary to be established by plaintiffs to entitle them to a judgment against the defendant company. Assuming that the pleading alleged that fact, and assuming, also, that neither the want of privity between plaintiffs and the company, nor the statute of frauds, was an obstacle in the way of a recovery from the company, we think the judgment against it was erroneous for the reason that the plaintiffs failed to prove a contract between the company and McWhorter.

The company contends that the drilling contract, being for personal services, was not assignable, and, also, that it could not be assigned by McWhorter to a corporation of which he was president. Neither of these contentions can be sustained. The right to question the assignment on the first ground would be in plaintiffs, and it is clear that an assignment to a corporation by one of its officers is not rendered ineffectual by the mere fact that the assignor is an officer of the assignee.

However, there was no evidence that the drilling contract was ever actually assigned by McWhorter to the company. One of the plaintiffs testified that he had no knowledge of an assignment, and the other witnesses for plaintiffs were silent on the subject. There was evidence on behalf of the company that its corporate records contain no mention of such a transaction. It does not seem to be contended by counsel for respondents that an assignment was proved either by direct evidence or by proof of

any facts from which it might have been inferred. Neither do they contend that the evidence was sufficient to prove the existence of a contract between McWhorter and the company such as we assume to have been alleged in the petition. It seems thus to be tacitly admitted that the theory of the petition is not supported by the evidence. Counsel argue, however, that the judgment against the appellant may be sustained on some other theory which is not very definitely stated in their brief. They contend that the company was estopped to deny the assignment, probably intending to claim that it was estopped to deny that it agreed to assume McWhorter's obligations to the plaintiffs. They say that the company "stepped into the shoes of McWhorter," and "became a party" to the contract, and thus seem to have in mind some question of novation. They also suggest a question under the law of agency by contending that the company ratified McWhorter's contract with plaintiffs. Estoppel, novation and ratification are distinct methods by which legal liability may become fixed. None of them was pleaded and counsel do not point out the evidence by which any one of them was proved.

We think it is clear from the pleadings and evidence that no question of estoppel was raised or tried. There was no evidence that anything was done or omitted by plaintiffs in reliance upon any fact which they were induced to believe by the conduct of the company. For aught that appears in the record the plaintiffs' conduct and damages would have been the same if they had believed all the time that McWhorter only was bound by the drilling contract.

A novation whereby the company took the place of McWhorter as the contracting party would have required not only a contract between the company and McWhorter, which the plaintiffs did not prove, but also the plaintiffs' consent to the substitution of the company for McWhorter, which they were careful to deny.

The petition raised no question of agency, but the evidence creates a suspicion if it does not suggest a probability that McWhorter was acting at all times as the agent of the company and that the contract was made by him for the benefit of his principal. He was the company's president, and the well was drilled under the contract on lands in which he does not appear to have had any interest, but which were held by the company as lessee in an oil and gas lease. The company displayed an active interest in the drilling operations, furnishing the casing used in the well and making the payments to plaintiffs under the contract by checks on company funds. If it be a fact that the company was the principal in the drilling contract, though not mentioned in it, the plaintiffs have prosecuted their action against that defendant on the wrong theory. They not only failed to allege such a fact in their petition but the evidence which we think suggests it was not offered or received for the purpose of proving it. Where there is a mere variance between the pleadings and the proof it is often held immaterial under statutes (Wyo. C. S. 1920, §§ 5860-5861) which we are always ready to invoke in proper cases to support a judgment. In this case there was not only a failure to prove a fact material to plaintiffs' alleged cause of action against the appealing defendant, but there is nothing in the proceedings to indicate that any of the parties or the court understood that any issue was being tried that would permit a recovery on a theory different from that advanced by the petition. In these circumstances we have no right to assume that the trial judge gave judgment against the defendant company because he believed it to be liable as principal on the drilling contract, or that he passed upon that question at all. Had the issue been raised the company's defense might have been very different, and it would probably have been necessary for the trial court to have decided other incidental questions such as the right of the plaintiffs to a judgment against both the principal and its agent.

For these reasons it is unnecessary for us to say whether the evidence was sufficient to establish the fact of agency between the two defendants, or whether, if the fact of agency were established, the plaintiffs had a right to recover on the contract in question from the unnamed principal, either in a joint action against the agent and principal, or at all. These questions if hereafter raised should be first passed upon by the trial court.

Our order, therefore, must be for the reversal of the judgment as against the appealing defendant and the remand of the cause for a new trial. If the plaintiffs shall believe that a judgment in their favor standing against McWhorter only will embarrass them in their efforts to prove a cause of action against the other defendant on another trial, we think, in order to prevent a possible failure of justice, they should be permitted to elect that the entire judgment be vacated, so that the cause may stand for new trial as to both defendants with or without amended pleadings. Our order will so provide.

*Reversed and Remanded.*

Potter, Ch. J., and Blume, J., concur.

NOTE—Headnotes, (1) and (2) see Assignments, 5 C. J. 44, 45; (3) see Corporations, 14A C. J. Sec. 1887; (4) see Estoppel, 21 C. J. Sec. 117, Agency, 2 C. J. Sec. 81; Novation, 29 Cyc. 1130; (5) see Novation 29 Cyc. 1131; (6) see Pleadings, 31 Cyc. 702, 713; Judgments, 23 Cyc. 817; (7) see Appeal and Error, 4 C. J. 3219, (1924 Anno.).