### JAMES ET AL v. LEDERER-STRAUSS & CO.*
(No. 1137; February 14, 1925; 233 Pac. 137)

Judgment—Entry by Clerk on Default—Pleading—Adoption of Allegations by Reference—Parties—Waiver—Assignment for Suit—Assignment for Benefit of Creditors—Chattel Mortgages—Vacation of Judgment—Appeal and Error.

1. Under Comp. St. 1920, § 5726, in view of its history, *held,* the clerk can enter judgment on a default at a term subsequent to that at which default occurred.
2. Entry of judgment by clerk on default, authorized by Comp. St. 1920, § 5726, in an action on an "account," is permissible in action on "open account," the clerk in doing so not acting judicially, and an "open account" being an account the items of which have not been settled by agreement.
3. Default judgment will not be set aside for mistake, defect, or insufficiency in pleadings, if the facts alleged are sufficient to challenge the attention of the court, having jurisdiction of the subject-matter and parties.
4. Each cause of action must be complete in itself, and allegations common to all the causes of action of the petition should be repeated, or made a part of the subsequent cause of action by reference.
5. The defect of a petition in not stating that plaintiff was a corporation and defendants a partnership, being amendable, is waived if not taken advantage of at threshold.

6. An assignee of a claim for purpose of collection is a trustee of an express trust, and as such may maintain action in his own name.

7. Assignment for benefit of creditors at common law discharges assignor only to extent of dividends actually paid.

8. A chattel mortgage of stock of goods to protect part only, creditors' goods to be returned to owner on payment of such creditors, is not an assignment for benefit of creditors.

9. Under Comp. St. 1920, § 5929, for vacation of judgment it is necessary that issue be joined and an adjudication had on the merits of the defense to the action.

10. Finding on issue joined and on sufficient competent evidence against petitioner to have default judgment vacated will not be disturbed.

*NOTE—See Headnotes—(1) 34 C. J. p. 182; (2) 1 C. J. p. 601; 34 C. J. pp. 178, 179; (3) 34 C. J. p. 423; (4) 31 Cyc. pp. 118, 123; (5) 31 Cyc. p. 737 (1926 Anno.); (6) 5 C. J. p. 995; (7) 5 C. J. p. 1282; (8) 5 C. J. p. 1040; (9) 34 C. J. p. 369; (10) 4 C. J. p. 847.

ERROR to District Court, Laramie County; WILLIAM A. RINER, Judge.

Action by Anna James and another against Lederer-Strauss & Co. There was a judgment for defendant, and plaintiffs bring error.

*Ray E. Lee* for plaintiffs in error.

The record shows that no service was made; the clerk was without authority to render a default judgment; the action was upon open account; an open account is some term of a contract arising from a commercial transaction undetermined by the parties; Loventhal v. Morris, (Ala.) 15 S. 672; Purvis v. Kromer, (Ore.) 23 Pac. 260; McCamant v. Batsell, 59 Tex. 363; Wroten Co. v. Mfg. Co., 95 S. W. 744. If the accounts were open, evidence would be required to establish them, by judicial determination a power not vested in clerks of Court; Bertagnolli v. Bertagnolli, 23 Wyo. 228; a default judgment should contain proper facts, 23 Cyc. 767. The accounts purport to have been assigned, but no authority is shown for such assign-

ment; proof was necessary; Patrick v. Ridgaway, (Md.) 4 Harr N. J. 312; the causes of action are incomplete and there is no adoption of allegations by reference from one to another; a judgment based on a petition containing several accounts cannot stand, if one account be bad; Baker v. Pyeatte, 108 Ind. 61, 9 N. E. 112; Gage v. Allen, 54 N. W. 627; the cause of action assigned to plaintiff merely for the purpose of a suit is insufficient to support a judgment; Brown v. Given, 66 O. S. 316; plaintiff is not the real party in interest, 5580 C. S. The showing below was sufficient to vacate a judgment; Ritchey v. Seeley, 102 N. W. 257; Sauer v. City, 69 Mo. 46; Oliver & Baum v. Pray, 4 Ohio, 175; Stout v. Slocum, 52 N. J. Eq. 88; Brown v. Byam, 59 Ia. 52; Cripping v. Co., 76 Pac. 794; Darst v. Phillips, 41 O. S. 514; a showing of meritorious defense was sufficient. There is in reality no judgment.

*Walter Q. Phelan* for defendant in error.

This action was brought under 5923 C. S. To vacate a judgment; the evidence shows that the original judgment was regularly entered. The proceedings should have been by motion, 5926 C. S. Bertagnolli v. Bertagnolli, 23 Wyo. 228; the proceedings were barred by limitation; 5927-5932 C. S. the only exceptions made by the statute being for infancy and mental disability, 15 R. C. L. 694, 23 Cyc. 907; Giltman v. Donovan, 53 Ia. 362; Moore v. Court, (Cal.) 25 Pac. 22; Greshan v. Ellis, 22 S. W. 1; People v. Doge, 38 Pac. 203; Mallern v. Sage, 3 N. Y. S. 120; Temple v. Irvin, 34 Ind. 412; Witney v. Karner, 44 Wis. 363; before opening a judgment the Court must first adjudge that a valid defense exists, Kilpatrick v. Horton, 15 Wyo. 501; the burden is on the parties seeking relief; Phillip v. Samuel, 76 Mo. 657; Advocate v. Dell Ara, 84 S. W. 443; Tompkins v. Lang, 54 Ill. Ap. 500; Equitable relief will not be granted on showing that debtor owes the amount; Burg v. Bank, 8 Ill. App. 614. If application is made on ground that judgment is based on false testimony there

must be corroboration; Ames v. Snider, 55 Ill. 498; Able-
man v. Roth, 12 Wis. 81; Daly v. Milan, (Mont.) 35 Pac.
227; the statute gives the clerk authority to enter default
judgment; the return of Summons showed service; no
proof of the value of the goods was necessary; Dallas v.
Fernean, 25 O. S. 635; the clerk acted·ministerially, 15 R.
C. L. 582, 23 Cyc. 758; Utah Assn. v. Bowman, (Utah) 113
Pac. 63; Reinhart v. Lugo, 24 Pac. 1089; Hersey v. Walsh,
38 Minn. 52; the petition shows claim for goods, wares and
merchandise sold on an unpaid account, 1 R. C. L. 206,
1 C. J. 601; all allegations of the petition are taken as true
after default, 2 R. C. L. 69; Collins v. Stanley, 15 Wyo.
282; Davidson v. Morrission, 5 S. W. 871; if any of the
counts are sufficient the judgment must stand, 2 R. C. L.
87; 3 Anna. Cases 546; Iron Un. Co. v. Co., 166 Fed. 45,
20 L. R. A. N. S. 315; it was not shown that a new trial
would result in a different judgment. This Court will not
consider objections not made below.

BROWN, District Judge.

Plaintiffs in error were plaintiffs below, and defendant
in error was defendant below, and will be termed plain-
tiffs and defendant respectively.

Sometime prior to September 1st, 1915, plaintiffs Anna
James and Martha James Arnold, were engaged in the
millinery business in the city of Cheyenne. They had be-
come heavily indebted to various wholesale houses. On
September 1st, 1915, they executed a chattel mortgage,
covering their stock of millinery goods, and furniture and
fixtures used in connection with the business. This mort-
gage was made to Marion A. Kline, Trustee. Sometime
prior to the 23rd day of May, A. D. 1919, the defendant
in this action commenced an action against the plaintiffs
on an account for goods furnished them by defendant, and
on two assigned accounts from other wholesale houses,
praying for judgment in the sum of $1625.81. There was
no appearance in this action by the defendants, plaintiffs

in this action, and on that date the clerk of the District Court of the First Judicial District, Wyoming, entered judgment under section 5726, Wyo. Comp. Stat. 1920, relating to default judgments.

October 18th, 1921, the plaintiffs brought this action against the defendant, in which they seek to have the former judgment set aside, alleging that it was obtained irregularly, by fraud of the defendant and its attorney, by the clerk of the court being deceived and imposed upon, and by and upon false testimony introduced by the defendant. The prayer asks that the court find that there was and is a valid defense to said action; that the judgment be vacated, set aside, canceled and adjudged to be null and void, that said case entitled Lederer-Strauss & Company, a corporation, plaintiff, vs. Anna James and Martha James Arnold, be re-opened and reinstated on the docket, and that these plaintiffs be permitted to appear and file their answer and defend said suit, and a temporary restraining order is also asked to hold the matter in statu quo until it is finally determined.

Issue was joined on the petition. Hearing was had thereon, and the court found generally in favor of the defendant. He also found that there had been no fraud practiced by the defendant or its attorney, and that the plaintiffs had failed to establish by evidence that they had a meritorious defense in the case of Lederer-Strauss & Company, a corporation, vs. Anna James and Martha James Arnold, defendants. Judgment was rendered in favor of defendant. From this judgment, the plaintiffs come into this court on error.

Plaintiff contends in his brief that this is an action in equity to enjoin the collection of a judgment and the sale thereunder of property. The defendant contends that it is an action under the statute to open and vacate a judgment after term, and that the statute of limitations has run against the action. We deem it unnecessary to determine either of these questions, since the matter can be de-

termined on its merits. We are doubtful from an examination of the record whether the statute of limitations was relied upon as a defense in the lower court.

The grounds for reversal urged in the brief of plaintiffs are:

1. The clerk could not enter judgment after the term in which the default occurred.

2. The action was on an open account, and the clerk under the statute had no authority to enter judgment on such account, since he would act judicially in determining the amount due.

3. The judgment was void as to the second and third causes of action, since in neither of these causes of action did the petition allege the corporate capacity of the plaintiff, and that defendant was a partnership.

4. The judgment as to the second and third causes of action was void, since these causes of action were assigned to plaintiff in the former action for the purposes of suit and said plaintiff was not the real party in interest.

5. The defense to the action in which default judgment was rendered need only show a meritorious defense, and the court should not determine it to be a valid defense, or one that must succeed if the case is opened.

(1.) Plaintiff contends that section 5726,—which is, "In an action upon an account, or written instrument or other contract, express or implied, for the payment of money only, or in foreclosure, judgment may be entered at any time during the term, after the defendant is in default for an answer, but the court may, for good cause shown, give further time for answer. After the expiration of such time for answer and the defendant's default, as herein specified, the clerk of the court shall, upon application of the plaintiff, or his attorney, in writing or orally enter judgment for the amount with interest endorsed on the writ, and specified in plaintiff's verified petition, together with the costs of the action, and no other or further proof of plaintiff's claim shall be required in such case,"—

authorizes the clerk to enter judgment after the default of the defendant during the term at which default occurred, and not thereafter, and since the judgment in this case was entered at a subsequent term by the clerk, it is void. An examination of the history of this section shows the fallacy of the argument. This section was enacted by the legislature in 1886, and first appears in Session Laws, 1886, Chapter 60, section 184, as follows: "In an action upon an account, or written instrument for the payment of money only, or in foreclosure, judgment may be entered at any time during the term, after the defendant is in default for an answer, but the court may for good cause shown, give further time for answer." This section remained as above until the legislative session of 1905, when it was amended to read as we now have it. The clause, "Judgment may be entered at any time during the term," was in the section as originally passed, while the clerk's authority to enter judgment was not added to the section until 1905. If the section should be interpreted as contended for by counsel, the court originally was without authority to render a default judgment after the term in which the default occurred. This would be an anomaly. Section 5727 provides the order in which cases in which there is an issue of fact or damages to be assessed shall be tried, and section 5728 provides the time when cases in which issues arise shall be triable. There being no issue to be tried in a default case, it stands ready for the rendition of judgment at any time after default during the term, as distinguished from vacation, or period in which the court is authorized to act. Certainly either the court or the clerk thereof may enter judgment, the case remaining in default, at any subsequent term.

(2.) Counsel for plaintiffs distinguishes between account and open account. The judgment recited that the action was on an open account. The statute above quoted permits the clerk to enter judgment in actions on account. Account is a generic term. Open account, mutual account,

liquidated account, running account, account rendered, account stated, the specific terms or varities of accounts. "The term 'account' is a word of wide and varied significance. While it has been said that the term has no very clearly defined legal meaning, it is commonly used in a commercial sense in two ways, namely: To indicate the demand or claim or right of action for the balance which appears to be due upon the statement of the items, in which sense an account is a mere incorporeal right to a certain sum or to the collection of a debt, and, (2) to indicate a detailed statement of the items of such claim or demand, showing the debits or credits and the balance due." 1 C. J. 596.

"An open account is one which consists of a series of transactions and is continuous or current, and not closed or stated." 1 C. J. 601. An open account is one, some or all of the items of which may be disputed, as opposed to a closed account or account stated, all of the items of which have been settled by the agreement of the parties.

The clerk does not act judicially in entering judgment on an action on an open account. He acts ministerially. He does not determine the amount due. The amount stated in the verified petition and endorsed on the summons, with interest, is by the statute the amount of the judgment.

(3-4.) The third and fourth grounds of objection to the judgment will be considered together. Regardless of whatever merit there might have been to these objections in the original action, they came too late in this action. The trial court having jurisdiction of the subject matter and the parties, a judgment will not be set aside on account of any mistake or defect or insufficiency in the pleadings if the facts alleged are sufficient to challenge the attention of the court.

The court in Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421, says: "A judgment rendered by a court having jurisdiction is not void on account of an amendable defect or insufficiency in the petition, and will not be vacated for

such reason upon petition filed by defendant after term. It is sufficient that the allegations of the petition challenge a judicial inquiry."

In Gibson v. Dizney, 72 Okla. 69, 178 Pac. 124, the court says: "The allegations of the petition were sufficient to challenge the attention of the court and invoke its action in a determination of plaintiff's claim for judgment against Dizney. If we assume that upon the face of the petition, no liability was shown against defendant Dizney, this did not defeat the jurisdiction of the court to determine such question, and the fact that the conclusion reached was erroneous does not render the judgment void. The court had jurisdiction of the parties and the subject matter of the litigation and possessed jurisdiction to construe the petition and determine for itself whether a cause of action was stated against Dizney."

It is true each cause of action must be complete in itself. The allegations common to all causes of action of the petition should either be repeated in each cause of action or made a part of the subsequent causes of action by reference. But as said by this court in Kelley v. Eidam, 231 P. 678, (not yet officially reported) "Where there is a legally existing plaintiff and the defect is in not so stating, an amendment curing the defect is proper. Where the defect is amendable, the defendant must take advantage of it at the threshold or it is waived. 30 Cyc. 28. Note 62."

By the clear weight of authority a person to whom a chose in action has been assigned for the purpose of collection may maintain an action thereon. See 5 Stan. Enc. Proc. 111; 5 C. J. 995 and cases cited. An assignee for the purpose of collection is a trustee of an express trust. (Howe v. Mittelburg, 96 Mo. App. 490, 70 S. W. 396; Haysler v. Dawson, 28 Mo. App. 531.), and as such is authorized by statute in this state to maintain an action in his own name.

(5.)  A judgment duly and regularly entered will not be vacated until it is adjudged that there is a valid defense.  Much stress in their brief and oral argument of plaintiffs was placed upon the proposition that their petition set up a meritorious defense.  That it is not necessary to set up and establish a defense that must succeed, but that it is only necessary to set up such facts and make such showing at the trial, as to indicate probable success if the case were opened up and the issues then tried upon its merits.

The allegations of the petition with reference to the defense of plaintiffs in error to the claims on which judgment was rendered below are:

"(b)  That said valid and complete defense to said action is as follows, to-wit:

That prior to the time said judgment was entered against them, plaintiffs herein were co-partners doing business under the firm name and style of James Sisters; that they were engaged in the millinery business in Cheyenne, Wyoming; that while conducting said business they became indebted but had on hands at all times before delivering the same to Marion A. Kline, trustee, as hereinafter stated, a stock of goods and fixtures, the value of which was greater than all their indebtedness and if sold at a reasonable price, would have brought more than enough to have paid off all their indebtedness.

(c)  That on the first day of September, 1915, they executed a chattel mortgage to one Marion A. Kline, trustee, mortgaging to him for use and benefit of all their creditors, including the defendant, all their stock of goods and fixtures.

(d)  That some time thereafter, but before said suit was started, in order to pay off and discharge said indebtedness, the plaintiffs delivered over to the said Marion A. Kline, trustee, in full payment and satisfaction of any and all claims against the plaintiffs for goods, wares and

merchandise, including the claims contained in the petition upon which said judgment was obtained, the entire stock of goods and fixtures, and the plaintiffs were then and there fully and completely released and discharged from any and all indebtedness on any and all of said claims, including the claims contained in the petition upon which said judgment was obtained.''

This defense is in the nature of a discharge of the assignor for the benefit of creditors. No attempt is made in the petition nor at the hearing to establish an assignment for the benefit of creditors under the statute, but rather an assignment for the benefit of creditors at common law. At common law the assignor for the benefit of creditors was discharged only to the extent of the dividends actually paid the creditor. 5 C. J. 1302 says: ''In the absence of any statute to the contrary, the mere assent of a creditor to the assignment does not discharge the debtor, nor does the distribution of the assigned property among the creditors entitle the assignor to a discharge from liability for his debts beyond the amount actually received by the creditor.''

''Ordinarily an assignment for the benefit of creditors and the payment of dividends thereunder do not act as a discharge of the debtor, except to the extent that the claims of the creditor are thereby reduced by actual payment.'' 2 R. C. L. 667. In the case of Little v. Sturgis, 127 Ia. 298, 103 N. W. 205, it is said: ''Now under a general assignment for the benefit of creditors a claim filed is not extinguished by the fact of such filing or by the payment of a dividend thereon, less in amount than the face of the claim.'' In the case of Limbocker v. Higinbotham, 52 Kan. 696, 35 Pac. 783, the court said: ''The act of assignment does not pay the debts nor discharge the assignor from liability for their payment.'' ''At common law the indebtedness of the assignor was discharged only to

the extent of actual payment out of the proceeds of the property assigned, unless otherwise expressly stipulated.'' Pillsbury v. Kingon, 33 N. J. Eq. 299, 36 Am. Rep. 566.

''Frequently it is attempted to discharge the assignor by a stipulation in the contract of assignment requiring the creditor to release any unpaid balance as a condition to participation in the benefits of the assignment, but the condition is universally held oppressive and fraudulent and the entire assignment void where only a part of the debtor's property is included in the assignment.'' 2 R. C. L. 670. The petition fails to set up such facts in defense of the former action as would in law amount to a discharge in insolvency.

The instrument claimed to operate as an assignment for the benefit of creditors was a mortgage given by the plaintiffs to Marion A. Kline, Trustee, on September 1st, 1915, for the sum of $2932.45. Plaintiffs retained possession and control of the property covered by this instrument until the following April, when possession was given to Kline under the mortgage. A mortgage may operate as an assignment for the benefit of creditors. Ordinarily a mortgage is given to secure a part of the creditors and only creates a lien or defeasible title. An assignment for the benefit of creditors should be for the benefit of all, or nearly all creditors, and pass title to the property, equitable and legal, absolutely.

If a mortgage is intended to convey the title to all of debtor's property absolutely and made for the purpose of securing a distribution of his assets among all or a portion of his creditors, it is an assignment for the benefit of creditors, but on the other hand, if the assignor retains control of the property and the right to redeem it, it is not an assignment for the benefit of creditors. Let us quote here from the testimony of one of the plaintiffs, Anna James, found on page 24: ''Q. Did you have such' an agreement as I have mentioned? A. The agreement was we were to stay in the store on a salary, and she and

Mr. Kline had full charge of the store, both in accounts and bills, and buying goods and everything, that we were nothing more than employees, but the store was to be turned over to them, but under our name, with the intention we were to get the store back.  Q.  As soon as you paid out the debts?  A.  As soon as we got the store straightened out we were to have it back.''

There is no serious contention in the whole record, but that upon the payment of the debts the property was to be returned to the owners.  It appeared at the trial that the mortgage was given only to protect the creditors represented by Mr. Kline, who represented only a portion of the creditors, and did not represent Lederer-Straus & Company, defendants here.  It would therefore appear conclusively that the mortgage was not intended as an assignment for the benefit of creditors.

It is urged that the court should not adjudicate the merits of the defense set up in the petition to re-open the judgment.  Section 5929 Compiled Statutes, 1920, provides: ''A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered.  *  *  *  To obtain an order opening or vacating a judgment the party applying therefor must allege and show to the court that he has a good and meritorious defense to the cause of action.''  34 C. J. 329, and cases cited.  ''It must be made to appear that a retrial will result in a judgment different from the one sought to be vacated.''  34 C. J. 336.

The court in Donald v. Bradt, 15 Colo. App. 414, 62 Pac. 580 says:  ''There must be some facts presented to the court upon which it may base the exercise of this discretion.  A mere motion would not and ought not to be sufficient.  There must be sufficient showing to the court to demonstrate the possibility at least that if the judgment was vacated and a new trial had the result would be different.''  And again in discussing the showing made in plaintiffs' affidavit the court said: ''Affiant admits that

at the time of the institution of suit he was indebted to plaintiff in a sum not exceeding $110.00, but avers that long prior to the rendition of the judgment this indebtedness had been fully liquidated, satisfied and discharged. He does not allege payment, nor state in what manner this liquidation, satisfaction and discharge had been effected, so that the court might have an opportunity to pass upon it."

Nebraska has a statute (Code Civ. Proc. 606) similar to ours. It provides: "A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment is rendered." In construing this statute the Nebraska Court in Gilbert v. Morrow, 54 Nebr. 77, 74 N. W. 420, used the following language: "But to entitle the plaintiff to the order of June 22nd, 1897, it was not only necessary for her to allege and prove a valid cause of action, (the plaintiff in the original action was the moving party here), but it was also necessary, under the section of the statute just quoted, to secure an adjudication that her cause of action was prima facie valid."

In Lander et al. v. Abrahamson, et al., 34 Nebr. 553, 52 N. W. 571, (Nebr.), Chief Justice Maxwell, speaking for the court, said: "When it is claimed that a judgment has been obtained by fraud the proper procedure is by petition filed in the same case, setting forth the grounds upon which it is sought to vacate the judgment. This is to be verified positively or accompanied by affidavits and not sworn to upon information and belief as the court will not consider the matter and imperil the rights of the parties under the judgment without this certainty. It must appear that there is a valid defense to the proceedings and that the judgment is fraudulent and wrong. If on a retrial substantially the same judgment apparently would be rendered, the judgment will not be vacated."

Under the rule in this jurisdiction it is necessary that issue be joined and an adjudication had on the merits of

the defense to the former action, set up by plaintiff. The question as to whether or not plaintiff has shown, under his pleading and proof such a defense as will probably succeed in the trial of the cause, should the judgment be set aside, rests in the sound discretion of the trial court. His decision will not be disturbed unless it should appear to the appellate court that there has been a plain abuse of that discretion. In 34 C. J. 364, it is said: "A motion to open or vacate a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and its discretion will not be disturbed on appeal, unless it is plain that its discretion has been abused, in accordance with the usual rule governing the appellate review of discretionary determinations. Even where the judgment is wholly void, the court may in its discretion refuse to vacate it and leave the party affected to show that it is void whenever it is invoked against him." Supporting the various portions of this text are five pages of citations.

"Whether proceeding under the common law or a statute the action of the trial court in granting or refusing an application to open, vacate or set aside a judgment is, generally speaking, within the sound judicial discretion of such court, and its action will not be disturbed by an appellate court, except for a clear abuse of discretion." 15 R. C. L. 720, and cases cited.

Issue having been joined on the application before us, a hearing had, testimony submitted, and a finding by the trial court based upon sufficient competent evidence, that finding and judgment will not be disturbed by this court. The judgment below will be affirmed.

*Affirmed.*

Kimball, J., and Tidball, District Judge, concur.