Marshall Field & Company, Appellant, v. Harry Obeler, Appellee.

Gen. No. 33,145.

Heard in the first division of this court for the first district at the October term, 1928. Opinion filed February 11, 1929.

FRANK P. LEFFINGWELL, for appellant.

No appearance for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff sued for a balance due on account of goods sold and delivered at defendant's special instance and request to the value of $1,672.89, for which it was alleged an account had been stated on March 28, 1925. The defendant filed an affidavit of merits, the facts are

not in dispute, and the court found as a matter of law that there was no liability and entered judgment in favor of the defendant on this finding.

It is conceded the defendant was indebted for the amount as claimed, but the affidavit of merits avers and the facts establish that after incurring liability as set forth in the statement of claim, the defendant on or about April 28, 1925, executed an assignment for the benefit of his creditors to David J. Evans and Lester J. Michael as cotrustees, transferring to them jointly and severally all his right, title and interest in and to a certain stock of merchandise, machinery, tools and fixtures then located at 228 North Cicero Avenue, together with all cash on hand and in the bank or under his control, with the express intention to transfer and deliver all property of every kind and character owned by him or in which he had any interest "for the pro rata use and benefit of my creditors," a list of the same with addresses and amounts due being attached, and providing that after the payment of costs and claims such as might be preferred under the laws of the State, the balance should be paid to his general creditors. The deed of assignment was executed under seal on April 28, 1925, and by its terms became effective on April 29, 1925.

On June 8, 1925, plaintiff received a check on account of the first dividend from the trustee for the sum of $138.24, which was paid through the Chicago Clearing House. Upon the back of this check is a statement to the effect that it is accepted in accordance with the trust arrangement "to which we have or hereby become a party." On July 15, 1925, plaintiff received a check for the sum of $54.05 from the trustee which was paid through the Chicago Clearing House with a similar indorsement on the back of it. On August 27, 1925, plaintiff received another check from the trustee for $57.68, which was paid through the Chicago Clear-

ing House, and the following indorsement appears on the back of this check:

"Received of David J. Evans, Trustee, the amount of this check as our pro rata of the net proceeds realized from the insolvent estate of Harry Obeler and in consideration thereof hereby release said insolvent and said Trustee from further liability." This indorsement is signed by the plaintiff.

The sole and only question to be determined is whether the acceptance of these checks, and receiving payment of the same with indorsement thereon, has amounted to a release of defendant from his liability to plaintiff on the balance of the indebtedness set up in the statement of claim; or in other words, the controlling question is whether the affidavit of merits sets up a good and valid defense to the statement of claim.

The defendant has not appeared in this court to support the judgment entered in his favor, and we regret the necessity of deciding the matter without any assistance from him. In *Howlett v. Mills*, 22 Ill. 341, the court held that the mere assent by a creditor that his debtor might make an assignment for the benefit of his creditors could not have the effect to release and discharge the debt; that it at most could only be held to require him to look to the fund for the portion to be applied on his claim and leave him to collect the remainder out of the debtor. The highest courts of other States have announced a similar rule, which seems to have been generally accepted. *Little v. Sturgis*, 127 Iowa 298; *Limbocker v. Higinbotham*, 52 Kan. 696; 5 C. J. 1302; 2 R. C. L. 667.

The indorsements on the check may well be construed as a release of the trustee from any obligation under the terms and provisions of the deed of assignment, and perhaps of the defendant, from any alleged liability on account of having delivered said assignment, but may not, we think, be properly construed as a release

from defendant's obligation to pay the remainder of his indebtedness. Here there was no condition in the assignment that defendant should be released. There was no intimation that a release would be required when checks other than the last were delivered.

On this record, we hold as a matter of law defendant is liable to plaintiff in the amount of $1,672.89, and for the reasons indicated the judgment is reversed and judgment will be entered here in favor of Marshall Field & Company, a corporation, and against defendant, Harry Obeler, for the sum of $1,672.89.

*Reversed with judgment here in favor of appellant for $1,672.89.*

O'CONNOR, P. J., and McSURELY, J., concur.