## AMERICAN AUTOMOBILE INS. CO. v. RYLE.

No. 13334.

United States Court of Appeals Fifth Circuit.

May 10, 1951.

Carl Wright Johnson, Nat L. Hardy, San Antonio, Tex., for appellant.

Clarence R. Boatwright, San Antonio, Tex., Jim W. Weatherby, Kerryville, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

PER CURIAM.

The suit, brought under the Texas Workmen's Compensation Act, Vernon's Ann. Civ.St. art. 8306 et seq., was for damages for the willfull beating of one Francis J. Finney, an employee of Kelly Sales & Coffee Company, which carried workmen's compensation insurance with the plaintiff.

Defendant, alleging that Finney, the injured employee, was a citizen of Texas, was a joint owner of the cause of action sued on, and was, therefore, an indispensable party, whose joinder would defeat the jurisdiction, moved to dismiss for want of jurisdiction.

The district judge sustained the motion and plaintiff is here appealing from the judgment, insisting that the questions raised below and sought to be raised here are foreclosed against the contention of want of jurisdiction by the decision of this court in Orange Ice, Light & Water Co. v. Texas Comp. Ins. Co., 5 Cir., 278 F. 8.

Appellee urges upon us that the invoked decision is no longer authoritative because

the Texas Statute has been significantly amended, and the Federal Rules of Civil Procedure, particularly Rule 19, 28 U.S.C.A. have been adopted since that decision.

We agree with appellant that neither the amendment of the Texas Statute, nor the adoption of the Rules of Civil Procedure have in any way impaired or affected the authority of the Orange Ice, L. & W. Co. case, and that the suit was wrongly dismissed.

The judgment is, therefore, reversed and the cause is remanded for further and not inconsistent proceedings.