## DUNHAM v. ROBERTSON et al.
### No. 4450.

United States Court of Appeals,
Tenth Circuit.

July 18, 1952.

G. W. Horsley, Springfield, Ill. (Jerry Housel, Cody, Wyo., on the brief), for appellant.

Ewing T. Kerr, Cheyenne, Wyo., for appellees.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

William C. Dunham, as trustee of the Estate of Robert L. Knetzer, bankrupt, brought this action to recover payments made to the defendants pursuant to the terms of an option to purchase real and personal property in Wyoming. The option was negotiated by Knetzer and was between the defendants and the Crandall Creek Land and Cattle Company, a Wyoming corporation, which Knetzer organized and controlled. It was alleged that the trustee was the actual owner of any rights to recover the payments made on the option either by Knetzer or the corporation. The trial court held that the Crandall Creek Land and Cattle Company was an indispensable party and dismissed the action for lack of diversity. This appeal followed.

The defendants filed an answer to the original complaint. Thereafter, by order of court, the plaintiff was permitted to file

an amended complaint in which it was pleaded that on January 24, 1948, the defendants entered into a written agreement with Knetzer giving him an option to purchase the ranch property in question; that Knetzer used the corporation as a device to handle and cover up his own activities as an individual, all of which was known to the defendants; that although the signature of Crandall Creek Land and Cattle Company appears thereon, the option agreement was in fact between the bankrupt individually and the defendants; that the bankrupt was the beneficial owner of all rights under the option and furnished all the money paid to the defendants thereunder; and that the Crandall Creek Land and Cattle Company had assigned to the trustee any and all right, title and interest of that corporation to the option, including the claim for a refund of the payments.[1]

Attached to the option was a contract of purchase which was to be executed if the option was exercised by the payment of $100,000 at its execution, and $50,000 on March 1st and June 1st, 1948. These payments were not made as required by the terms of the option. It is alleged, however, that Knetzer paid the defendants a total sum of $85,000 in various amounts and at various times other than the dates provided for in the option. The complaint alleges that on April 12, 1948 defendants attempted to declare a forfeiture of the option agreement and all the sums paid thereon for failure to make the payments within the time provided for in the option. A short time thereafter the property was sold to a third person. It is then alleged that the defendants, by their conduct, waived their right to insist upon strict compliance with the terms of the option relating to time and amount of payments and to cancel the option and forfeit the payments without giving the bankrupt an opportunity to cure the delinquency. It is conceded that if the Crandall Creek Land and Cattle Company is an indispensable party to the action that the trial court did not have jurisdiction.[2]

In Choctaw and Chickasaw Nations v. Seitz, 10 Cir., 193 F.2d 456, we accepted the general definition of an indispensable party as "one who has such an

---

[1] The assignment reads:

"Know all men by these presents:

"That whereas on or about the 1st day of January, 1948, the Crandall Creek Land and Cattle Company and/or Robert L. Knetzer entered into a certain agreement with E. V. Robertson and/or Mabel L. Robertson for the purchase of a certain ranch known as the 'Hoodoo' Ranch, and, at the time of the purchase thereof, Robert L. Knetzer paid to the said E. V. Robertson and/or Mabel L. Robertson the sum of Eighty-five Thousand Dollars ($85,000); and

"Whereas said transaction regardless of the names used, was in reality a personal transaction of Robert L. Knetzer and had no connection with the Crandall Creek Land and Cattle Company, or George H. Allison, one of the principle stockholders thereof; and

"Whereas, William C. Dunham has duly been appointed Trustee in Bankruptcy of the bankrupt estate of the said Robert L. Knetzer and has succeeded to all of the right, title and interest of the said Robert L. Knetzer.

"Now therefore, know all men by these presents that we the undersigned, the Crandall Creek Land and Cattle Company, by George H. Allison, its president, and Jerry W. Housel, its Secretary, and George H. Allison, individually, for and in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, do hereby sell, set over, assign and convey to William C. Dunham, as Trustee of the bankrupt estate of Robert L. Knetzer, all of our right, title and interest in and to said agreement entered into between the Crandall Creek Land and Cattle Company and/or Robert L. Knetzer with E. V. Robertson and/or Mabel L. Robertson, including any and all right to any cause of action for refund or breach of contract in connection therewith."

[2] Rule 19, Fed.Rules of Civil Procedure, 28 U.S.C.A. Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411; Commonwealth Trust Co. v. Smith, 266 U.S. 152, 45 S.Ct. 26, 69 L.Ed. 219; Schuckman v. Rubenstein, 6 Cir., 164 F.2d 952, certiorari denied 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151; Calcote v. Texas Pac. Coal & Oil Co., 5 Cir., 157 F.2d 216, 167 A.L.R. 413, certiorari denied 329 U.S. 830, 67 S.Ct. 356, 91 L.Ed. 704; Keegan v. Humble Oil & Refining Co., 5 Cir., 155 F.2d 971.

interest in the subject-matter of the controversy that a final decree cannot be rendered between the other parties to the suit without radically and injuriously affecting his interest, or without leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience."[3] The courts have continuously distinguished necessary or proper parties from those which are said to be indispensable. Proper parties are those who have an interest in the subject matter which may be conveniently settled in the suit, but whose presence is not essential to the determination of the controversy between the immediate litigants.[4] Necessary parties are sometimes said to be those within the jurisdiction of the court whose presence is necessary to a complete adjudication of the controversy, but whose interests are separable and of such a nature that the court may proceed to final judgment in their absence without adversely affecting them.[5] Rule 19(b) does not contemplate that persons not indispensable shall be made parties to a diversity action if the effect would be to deprive the court of jurisdiction of the parties before it.

Ordinarily whether parties are indispensable to an action should be determined by the Federal Rules.[6] However, in a diversity case, where the rights of the party depend upon substantive law, then the law of the state prevails.[7]

In Wyoming, as under the Federal Rules, actions must be prosecuted by the real party in interest. Wyo.Comp.Stat. 1945, 3–601; Fed.Rules Civil Proc. 17(a). It is not contended here that under Wyoming law the option or a cause of action arising under it could not be assigned or that the assignee in such case could not maintain an action without joining the assignor. The general rule including Wyoming, is that if an assignment is full and complete and all the rights have been transferred, the assignee is the real party in interest.[8] The allegations here are to the effect that all the interest of the Crandall Creek Land and Cattle Company has been assigned to the trustee. The assignment is full and complete and regular on its face. It retains no interest to the corporation. The option contains no provision preventing assignment. The corporation very well may be a convenient and proper party to the action but it is not indispensable.

3. Cyc.Fed.Proc. 3rd Ed., Vol. 6, Sec. 21.73; Niles-Bement-Pond Co. v. Iron Moulders Union, 254 U.S. 77, 80, 41 S.Ct. 39, 65 L.Ed. 145; Shields v. Barrow, 17 How. 129, 15 L.Ed. 158; McArthur v. Rosenbaum Co. of Pittsburgh, 3 Cir., 180 F.2d 617; Metropolis Theatre Co. v. Barkhausen, 7 Cir., 170 F.2d 481, certiorari denied 336 U.S. 945, 69 S.Ct. 812, 93 L.Ed. 1101; Chance v. Buxton, 5 Cir., 170 F.2d 187; Schuckman v. Rubenstein, supra.

4. Words and Phrases, Perm.Ed., "Proper Party." Baltimore & Ohio R. Co. v. Chicago River & Indiana R. Co., 7 Cir., 170 F.2d 654, certiorari denied 336 U.S. 944, 69 S.Ct. 811, 93 L.Ed. 1101; Greenleaf v. Safeway Trails, 2 Cir., 140 F.2d 889, certiorari denied 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed. 1569; Division 525, Order of Ry. Conductors of America v. Gorman, 8 Cir., 133 F.2d 273.

5. Words & Phrases, Perm.Ed., "Necessary Parties." Cyc.Fed.Proc. 3rd Ed., Vol. 6, Sec. 21.73; American Auto. Ins. Co. v. Ryle, 5 Cir., 188 F.2d 830; Hook v. Hook & Ackerman, 3 Cir., 187 F.2d

52; City of Orangeburg v. Southern Ry. Co., 4 Cir., 134 F.2d 890; Samuel Goldwyn Inc. v. United Artists Corp., 3 Cir., 113 F.2d 703.

6. 3 Moore's Fed.Practice, 2153, Sec. 19.07 (2 Ed.1948); Cowling v. Deep Vein Coal Co., 7 Cir., 183 F.2d 652; De Korwin v. First Nat. Bank of Chicago, 7 Cir., 156 F.2d 858, certiorari denied 329 U.S. 795, 67 S.Ct. 481, 91 L.Ed. 680.

7. Titus v. Wallick, 306 U.S. 282, 59 S.Ct. 557, 83 L.Ed. 653; Kroese v. General Steel Castings Corp., 3 Cir., 179 F.2d 760, 15 A.L.R.2d 1117, certiorari denied 339 U.S. 983, 70 S.Ct. 1026, 94 L.Ed. 1386.

8. Cyc.Fed.Proc., Vol. 6, 3rd Ed., Sec. 21.81; Fed.Prac. & Proc., Barron & Holtzoff, Vol. 2, Sec. 482; Larsen Sheep Co. v. Sjogren, 67 Wyo. 447, 226 P.2d 177; Eller v. Salathe, 44 Wyo. 369, 12 P.2d 386; Rock Springs Coal & Mining Co. v. Black Diamond Coal Co., 39 Wyo. 379, 272 P. 12; James v. Lederer-Strauss and Co., 32 Wyo. 377, 233 P. 137; Williams v. McWhorter, 30 Wyo. 229, 218 P. 791.

320

The defendants will have the right to make any defense against the claim that they could make if the corporation were a party. The court may make a just determination of the claim of the trustee without in any way injuriously affecting the rights, if any, of the corporation.

Judgment is reversed and the case remanded for further proceeding in accordance with the views expressed herein.